THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KENNETH TREADWAY, Defendant-Appellant.

Second District   No. 2—91—0921

Opinion filed June 22, 1993.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Kenneth Treadway, appeals the order of the circuit court dismissing his petition under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 et seq. (now, as

amended, 725 ILCS 5/122—1 et seq. (West 1992))). Defendant alleged that he was denied the effective assistance of trial counsel, who failed to support the defense of voluntary intoxication by referring defendant to an expert to determine defendant's tolerance for alcohol. Defendant contends that the trial court erred in dismissing the petition by finding that defendant did not show that the outcome of the trial would have been different.

The underlying facts of the cause are reported in our opinion affirming defendant's conviction. (*People v. Treadway* (1985), 138 Ill. App. 3d 899.) In 1983, defendant without provocation brutally assaulted a woman in a tavern, and the jury found him guilty of attempted murder, armed violence, aggravated assault, and aggravated battery (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4(a), 9—1(a), 33A—2, 12—2(a)(1), 12—4(a) (now, as amended, 720 ILCS 5/8—4(a), 5/9—1(a), 5/33A—2, 5/12—2(a)(1), 5/12—4(a) (West 1992))). Defendant presented the defense of voluntary intoxication. The State's witnesses testified that defendant did not appear intoxicated. At trial, defendant was his only witness, and he testified that he drank numerous alcoholic beverages that day. He also said that he drank to excess quite often but no one could tell he was drunk. 138 Ill. App. 3d at 901.

Defendant filed a *pro se* post-conviction petition in which he claimed he was denied the effective assistance of counsel. Defendant alleged that he and trial counsel agreed medical professionals would test him in a controlled environment to monitor defendant's reactions to alcohol. Defendant claimed he did not have the mental state to kill the victim. Defendant alleged that if he had been tested he would have had the evidence which would have made the outcome of the trial different. Defendant averred that these statements were true.

The circuit court dismissed the petition as frivolous (see Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1 (now 725 ILCS 5/122—2.1 (West 1992))) because it found the allegations were barred by *res judicata*. This court reversed, because the facts underlying the allegations of the ineffective assistance of counsel were outside the record of the direct appeal and could not have been raised in that proceeding. *People v. Treadway* (1990), 203 Ill. App. 3d 1105 (unpublished order under Supreme Court Rule 23); *cf. People v. Wright* (1986), 111 Ill. 2d 18, 26 (new evidence presented at post-conviction hearing).

After the cause was remanded, the prosecutor filed a motion to dismiss the petition, and the court appointed an attorney to represent defendant. This counsel filed a supplemental motion which contained only one elaboration of defendant's previous allegations. He elabo-

rated that defendant discussed the retention of an expert numerous times with his trial counsel.

The circuit court dismissed the petition because it did not think that, based on the record before it, the outcome of the trial would have been different. The circuit court also stated that armed violence was a general intent crime to which voluntary intoxication was not a defense. Defendant filed a timely notice of appeal.

Under the Post-Conviction Hearing Act, the defendant bears the burden of establishing that a substantial deprivation of his constitutional rights occurred at his original trial. (*People v. Johnson* (1993), 154 Ill. 2d 227, 239.) The circuit court may hold an evidentiary hearing where the allegations of the post-conviction petition make a substantial showing of a violation of the defendant's constitutional rights and the petition is supported by affidavits, records, or other evidence or explains why these items are not attached. (154 Ill. 2d at 239-40, citing Ill. Rev. Stat. 1989, ch. 38, par. 122—2 (now 725 ILCS 5/122—2 (West 1992)).) The affidavits which must accompany a post-conviction petition must identify with reasonable certainty the sources, character, and availability of alleged evidence supporting the defendant's allegations. *Johnson*, 154 Ill. 2d at 240.

A circuit court will generally dismiss a post-conviction petition which is not supported by affidavits other than the defendant's averments. (*Johnson*, 154 Ill. 2d at 240.) A post-conviction petitioner who attacks the competency of his trial counsel for failing to call or contact certain witnesses must attach the affidavits of such witnesses to his post-conviction petition and explain the significance of their testimony. 154 Ill. 2d at 240-41.

To prove the ineffective assistance of counsel, defendant had to show that but for the alleged error of counsel, the result of the trial would likely have been different. (*People v. Caballero* (1989), 126 Ill. 2d 248, 270.) We are aware of one Illinois case that has found an attorney ineffective for failing to support an intoxication defense. See *Wright*, 111 Ill. 2d at 31 (counsel failed to present intoxication evidence that would have resulted in a conviction of involuntary manslaughter rather than murder); see also *People v. Quinn* (1988), 173 Ill. App. 3d 597, 606-07 (defendant failed to show his counsel neglected to investigate the defense); *State v. Schultz* (1984), 140 Ariz. 222, 681 P.2d 374; 5 Proof of Facts 2d §23, at 217-18 (1975) (psychiatrist employing controlled dosages of alcohol to determine the defendant's reactions); Annot., 17 A.L.R.4th 575, 720 (1982) (listing cases in which counsel was ineffective for not calling an expert); Annot., 8 A.L.R.3d 1236 (1966) (intoxication generally).

Here, the circuit court was correct in its assessment that the defendant's petition did not show the result of the trial would have been different; defendant did not attach any relevant affidavits which established the significance of defendant's allegations and which showed that the outcome of the trial likely would have been different. See *Johnson*, 154 Ill. 2d at 240-41.

■ In an ordinary case (where the post-conviction petition is filed by *counsel*), a circuit court in ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits may reasonably presume that the post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims but was unable to do so. (*Johnson*, 154 Ill. 2d at 241.) However, Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) requires post-conviction counsel to file an affidavit certifying that he or she has researched the allegations of the *pro se* petition and presented it to the court. Rule 651(c) requires a showing that post-conviction counsel: (1) consulted with the petitioner to ascertain his contentions of constitutional deprivation; (2) examined the record of the proceeding of the original trial; and (3) made any amendments to the *pro se* petition necessary to present the petitioner's constitutional contentions adequately. (*Johnson*, 154 Ill. 2d at 238.) Although a counsel's duty to comply with Rule 651(c) is mandatory, a counsel's failure to file an affidavit will be excused when the record demonstrates that counsel adequately fulfilled the above duties.

Here, counsel did not file a Rule 651(c) certificate. A transcript of a status hearing reveals that counsel told the circuit court that he had written to defendant. However, the record does not show that counsel examined the record of the original proceeding. Also, counsel did not amend the petition to present the claim adequately. While counsel submitted a supplement to the petition, it merely restated allegations made in the *pro se* petition. This amendment is insufficient to satisfy the requirements of Rule 651(c). See *Johnson*, 154 Ill. 2d at 243-45.

The purpose of Rule 651(c) is not merely formal. The rule assures that all indigents are provided proper representation when presenting claims of constitutional deprivations under the Act. This design would not be fulfilled were we to allow counsel to ignore the rule. (*People v. Alexander* (1990), 197 Ill. App. 3d 571, 573.) The Act provides for the appointment of counsel (Ill. Rev. Stat. 1989, ch. 38, par. 122-4 (now, as amended, 725 ILCS 5/122-4 (West 1992))), and Rule 651(c) effectuates the promise of effective counsel (*Johnson*, 154 Ill. 2d at 237-38).

■ Here, the court dismissed the petition because defendant did not show that the outcome of his trial would have been different had

an expert bolstered defendant's claim that he lacked the specific intent to kill. However, the court could not presume that no such evidence existed in the absence of post-conviction counsel's certification that he investigated the allegations, for example, by interviewing trial counsel or an expert. (*Johnson*, 154 Ill. 2d at 241.) Thus, we must reverse the dismissal and remand the cause for counsel to comply with Rule 651(c).

While neither party has raised the issue of Rule 651(c) compliance, we note that the rules adopted by the supreme court are rules of procedure and not suggestions; it is incumbent upon counsel and the courts alike to follow them. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103; *People v. Kendall* (1991), 213 Ill. App. 3d 782, 786.) The failure to comply with Rule 651(c) will result in a string of petitions alleging ineffective assistance of post-conviction counsel and of appellate counsel. Compliance with Rule 651(c) is necessary for a proper review of the proceedings. The failure to comply with the rule is a plain error which we may review under Rule 615(a) (134 Ill. 2d R. 615(a)).

Finally, defendant raises the issue of whether the defense of intoxication can apply to the general-intent offense of armed violence under the prior statute which provided that a person who is in an intoxicated state is responsible for his conduct unless the condition "[n]egatives the existence of a mental state which is an element of the offense." (Ill. Rev. Stat. 1983, ch. 38, par. 6–3(a); *cf.* 720 ILCS 5/6–3(a) (West 1992) ("render him incapable of forming a specific intent").) The State does not respond to this argument, and post-conviction counsel did not respond to the State's argument below. Because we reverse the judgment and remand this cause and the record and arguments are not developed for an adequate review, we need not address the argument here.

For the above reasons, the order of the circuit court is reversed, and the cause is remanded for further proceedings in compliance with Rule 651(c).

Reversed and remanded.

DOYLE and QUETSCH, JJ., concur.