THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARENCE THOMAS BASHAW, Defendant-Appellant.

Second District   No. 2—03—1330

Opinion filed November 9, 2005.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Clarence Thomas Bashaw, appeals from an order of the circuit court of Winnebago County granting the State's motion to dismiss his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)) for relief from his 1997 conviction of first degree murder (720 ILCS 5/9—1(a)(2) (West 1994)). Defendant argues on appeal that the attorney appointed to represent him in the postconviction proceedings did not comply with her obligations under Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). We reverse and remand for further proceedings in compliance with that rule.

Following a jury trial, defendant was found guilty of first degree murder in connection with the 1995 death of Jacob Zaiss-Hooper, the 21-month-old son of defendant's girlfriend, Jamie Zaiss. Evidence at trial established that, while in defendant's care, Jacob suffered a head injury that led to his death. Defendant told police, and testified at trial, that the child had accidentally struck his head on the arm of a couch and on the floor. However, at trial, the State presented medical evidence indicating that injuries to Jacob's head and other parts of his body were the result of being beaten. The jury found defendant guilty, and on September 30, 1997, the trial court imposed a 60-year sentence. The court also ruled that defendant was not eligible for day-for-day good-conduct credits. On direct appeal, the only issue raised was whether defendant was entitled to day-for-day good-conduct credits. This court concluded that he was and corrected the *mittimus. People v. Bashaw*, 304 Ill. App. 3d 257 (1999).

On October 2, 2001, defendant filed a *pro se* petition for relief under the Act. Defendant alleged that he had not received effective assistance of counsel on appeal because appellate counsel had neglected to present numerous issues that had been raised in defendant's motion for a new trial and were properly preserved for appellate review. On December 20, 2001, the trial court summarily dismissed the petition pursuant to section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 2000)) on the basis that it was untimely. Defendant appealed the dismissal, and this court reversed, holding that pursuant to *People v. Boclair*, 202 Ill. 2d 89 (2002), the trial court was not authorized to summarily dismiss the petition on timeliness grounds. *People v. Bashaw*, No. 2—02—0133 (2002) (unpublished order under Supreme Court Rule 23). On remand, defendant was represented by assistant public defender Kristine Peshek. On March 13, 2003, Peshek

appeared in court and indicated that she had contacted defendant but had not yet read the record. The case was continued to May 1, 2003. On that date, Peshek indicated that she was awaiting the preparation of transcripts, which had been ordered on March 13. Thereafter, the following exchange occurred:

"THE COURT: ***

I don't recall authorizing preparation of the transcript.

The case went up to appeal so there's no need to reorder a transcript. There is a transcript out there.

MS. PESHEK: There would be, yes. Mr. Bashaw's contentions in his Petition are regarding his representation by Appellate Counsel.

THE COURT: Okay.

MS. PESHEK: I have had his submissions. I have reviewed any submissions the Post Conviction Petition, his communications with Appellate Counsel, the brief that was filed on his behalf.

THE COURT: So you are getting the transcripts of the Appellate Counsel arguments?

MS. PESHEK: If there was argument, I mean, that would be the only thing I really have to review, in addition to the common law record, the post-trial motions.

THE COURT: That's what I was wondering, what you were referring to when you were referring to transcripts.

MS. PESHEK: Judge, I am required by law to consult the record on review, and I'm not entirely sure, given what Mr. Bashaw is alleging, how much of it I'm going to have to review.

THE COURT: So you have ordered transcripts of the Appellate proceedings?

MS. PESHEK: I have reviewed what I have at this time. I have not ordered the transcript from the Appellate proceedings. I think I talked once to his Appellate Attorney awhile back.

THE COURT: There is no need to order transcripts from the trial.

MS. PESHEK: I don't believe so, Judge, since there's no allegation of ineffective assistance of trial counsel.

THE COURT: That's my confusion. I thought you said you had requested the transcripts be prepared.

MS. PESHEK: Judge, what I meant to say, I do need to complete reviewing the record.

THE COURT: Okay. We will set it for June 12 at 9:00.

MS. PESHEK: Judge, *** it may simply be all I have to do is consult with Appellate Counsel, see if there was even an argument, this was determined on the briefs."

On June 12, 2003, Peshek filed a certificate pursuant to Rule 651(c), stating, in pertinent part, as follows:

"2. *** I have consulted by mail with [defendant] concerning the allegations in this post-conviction petition.

3. *** I have examined the record of proceedings *on appeal* as to the issues being raised by the defendant.

4. *** t he [*sic*] *petitioner has indicated that he wishes to rely on his original post conviction petition.*" (Emphasis added.)

On a subsequent court date, Peshek stated, "Since Mr. Bashaw alleges ineffective assistance of counsel, it limits the record that needs to be reviewed."

The State successfully moved to dismiss the petition on the basis that it was not filed within the time limits prescribed by the Act. See 725 ILCS 5/122—1(c) (West 2000). Defendant appealed from the dismissal, and the appellate defender was appointed to represent him. The appellate defender moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987). However, we denied the motion and ordered appellate counsel to submit a brief addressing the question of whether postconviction counsel complied with Rule 651(c).

█ The Act provides a remedy by which defendants may challenge their convictions or sentences for violations of federal or state constitutional law. *People v. Barrow*, 195 Ill. 2d 506, 518-19 (2001). Initially, a postconviction petition is subject to independent review by the trial court and will be summarily dismissed if the court finds that the petition is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2000). Although there is no constitutional right to counsel in postconviction proceedings, the Act affords a statutory right to counsel to an indigent defendant whose postconviction petition is not summarily dismissed. *People v. Johnson*, 338 Ill. App. 3d 1004, 1008 (2003). Counsel must provide "reasonable assistance," which includes compliance with Rule 651(c). *Johnson*, 338 Ill. App. 3d at 1008. Rule 651(c) provides that the record on appeal must "contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Here, postconviction counsel filed a certificate, but it falls short in two respects. First, she did not certify that she reviewed the record of the proceedings *at trial*. Rather, her certificate states that she reviewed the record of proceedings "on appeal." The record of defendant's direct appeal included the record of proceedings at trial, so, read in

isolation, the certificate might imply that counsel had in fact reviewed the trial proceedings. Unfortunately, postconviction counsel's remarks during the proceedings below cast serious doubt upon such a reading and suggest that counsel may have been under the impression that, because defendant's *pro se* petition challenged the effectiveness of appellate counsel, it was unnecessary to review the record of the trial proceedings. To the contrary, to evaluate the effectiveness of appellate counsel, postconviction counsel must be thoroughly conversant with the trial proceedings pertaining to trial counsel's alleged errors.

In *People v. Treadway*, 245 Ill. App. 3d 1023 (1993), this court reversed the dismissal of a postconviction petition alleging ineffective assistance of trial counsel, where the record did not establish that postconviction counsel had examined the record of the original proceeding and where counsel had not amended the defendant's post-conviction petition to adequately present the defendant's claim. The defendant had claimed that trial counsel was ineffective for failing to present a voluntary intoxication defense. The trial court dismissed the petition, concluding that, based on the available record, interposing such a defense would not have changed the outcome of the trial. We agreed with the trial court's conclusion and noted, *inter alia*, that a postconviction petitioner challenging trial counsel's failure to call or contact witnesses must attach the affidavits of such witnesses and explain the significance of their testimony. *Treadway*, 245 Ill. App. 3d at 1025. Nonetheless, we reversed, reasoning that absent postconviction counsel's compliance with Rule 651(c), the trial court could not presume that no such evidence existed. *Treadway*, 245 Ill. App. 3d at 1027.

█ This case is somewhat different because the trial court's dismissal was based not on the merits of the ineffective assistance claim, but on timeliness. Even so, it is critical that postconviction counsel comply with Rule 651(c). This is so because "[i]f an untimely petition demonstrates that a defendant suffered a deprivation of constitutional magnitude, a dutiful prosecutor may waive that procedural defect during the second stage of the post-conviction proceedings." *Boclair*, 202 Ill. 2d at 101-02. However, our supreme court has noted that a prosecutor would have no reason to waive that procedural defect if a meritorious constitutional claim is not presented in the petition. *People v. Lander*, 215 Ill. 2d 577, 584-85 (2005). "Therefore, to assure the reasonable assistance of counsel mandated by the Act, postconviction counsel must comply with Rule 651(c) and submit defendant's substantive claims to the State to give the prosecutor an opportunity to determine whether they are sufficient to merit the State's waiver of the affirmative defense of untimeliness." *Lander*,

215 Ill. 2d at 585; see also *People v. Peoples,* 346 Ill. App. 3d 258, 262-63 (2004) ("[t]he State's postconviction responsibility to consider forfeiting the procedural bar of untimeliness necessarily provokes a concomitant duty on the part of postconviction counsel to completely fulfill his or her duty under Rule 651(c) *before* the procedural bar of untimeliness is addressed by the State" (emphasis in original)).

■ Second, postconviction counsel's certificate fails to indicate that she made "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c). In our view, counsel's certification that defendant "indicated that he wishes to rely on his original postconviction petition" is not an appropriate substitute. Certain decisions in criminal proceedings belong exclusively to the defendant; these decisions include what plea to enter, whether to waive a jury trial, whether to testify, and whether to appeal. *People v. Ramey,* 152 Ill. 2d 41, 54 (1992), citing 1 ABA Standards for Criminal Justice § 4—5.2 (2d ed. Supp. 1986). "[H]owever, trial counsel has the right to make the ultimate decision with respect to matters of tactics and strategy after consulting with his client. Such matters include what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike and what trial motions should be made." *Ramey,* 152 Ill. 2d at 54, citing 1 ABA Standards for Criminal Justice § 4—5.2 (2d ed. Supp. 1986). We believe that the decision whether it is necessary to amend a postconviction petition is more like the strategic matters described above that are entrusted to counsel than the few core decisions that belong to the defendant. What amendments to a postconviction petition, if any, are necessary to adequately present the defendant's contentions is a matter calling for the exercise of an attorney's professional judgment. An attorney who surrenders the decision to the defendant does not fulfill his or her duty to exercise that professional judgment.

■ Defendant does not challenge the merits of the trial court's decision that his petition was untimely. Nonetheless, an untimely petition will not be barred if the defendant alleges facts showing that the delay was not due to his or her culpable negligence. 725 ILCS 5/122—1(c) (West 2002). If such facts existed in this case, amending the petition to allege them was necessary to adequately present defendant's substantive claim. And if counsel failed to incorporate such allegations into the petition merely because defendant "indicated that he wishes to rely on his original postconviction petition," counsel failed to provide reasonable assistance. Because postconviction counsel has not certified that she made any necessary amendments to the petition, it cannot be presumed that counsel was unable to marshal facts excusing the late filing.

For the foregoing reasons, we reverse the dismissal of defendant's postconviction petition and remand for proceedings in compliance with Rule 651(c). On remand, counsel is directed to review the record of the proceedings at trial and also to make any amendments that *counsel* deems necessary to adequately present defendant's contentions of constitutional error.

Reversed and remanded with directions.

BYRNE and GILLERAN JOHNSON, JJ., concur.