# Illinois Official Reports

## Appellate Court

*People v. Wallace*, 2016 IL App (1st) 142758

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. KEVIN WALLACE, Petitioner-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-14-2758 |
| Rule 23 order filed<br>Rule 23 order withdrawn<br>Rehearing denied<br>Opinion filed | September 29, 2016<br><br>November 7, 2016<br>November 7, 2016<br>November 16, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-00750; the Hon. Thomas P. Fecarotta, Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Kate E. Schwartz, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People. |

JUSTICE COBBS delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in
the judgment and opinion.

**OPINION**

¶ 1        Defendant Kevin Wallace appeals from the second-stage dismissal of his amended petition
for relief under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2012).
Defendant contends, for the first time on appeal, that his negotiated concurrent sentences for
first degree murder and arson are void because relevant statutes mandate consecutive
sentences. He argues that he may challenge his sentence at any time under the void sentence
rule and that our supreme court's recent abolishment of that rule in *People v. Castleberry*, 2015
IL 116916, cannot be applied retroactively to his case. Defendant also contends that
postconviction counsel provided unreasonable assistance for failing to attach relevant evidence
to his petition and failing to amend the petition to overcome a procedural bar. We affirm.

¶ 2                                        I. BACKGROUND
¶ 3        Following the death of defendant's father, Ronald Wallace, defendant was charged with 18
counts of first degree murder, two counts of aggravated arson, one count of residential arson,
one count of armed robbery, and one count of robbery. On February 25, 2008, defendant
entered a negotiated guilty plea to one count of first degree murder and one count of residential
arson with concurrent 40-year and 10-year sentences, respectively. During the hearing on the
negotiated plea, the trial court asked the defendant if he understood the nature of the charges
and the rights he was relinquishing by pleading guilty. Defendant answered affirmatively to
each question. The trial court also asked defendant, "Are you under the influence of any drugs
or alcohol at this time?" He replied, "No, sir." Following the State's recitation of a stipulated
factual basis, the court accepted defendant's guilty plea and sentenced him to the agreed upon
concurrent sentences. Defendant did not file a motion to withdraw his guilty plea and did not
file a direct appeal.

¶ 4        Defendant filed a *pro se* postconviction petition pursuant to the Act on July 10, 2013. In the
petition, defendant alleged, *inter alia*, that his plea was "the result of his mental condition and
psychological pressure," that he "was not reasoning properly for a plea," and that he was
"under psychotropic medication treatment" and had been "on psychotropic medications since
the age of 13." He further alleged that his trial counsel was constitutionally ineffective for
failing to investigate "the mental health and drug's [*sic*] abuse issue." Defendant attached
supporting affidavits from Keith Wallace and Dorothy Wallace to his petition.[1] Keith averred
that defendant had been "on and off of several different psychotropic medications since before
his incarceration" and "during the year of his trial, [defendant] often sounded over-medicated
and unable to carry on a conversation. During court appearances [defendant] seemed unaware
and disconnected." Dorothy averred that defendant was on "Ritilon" [*sic*] as a child and saw a

---

[1]Keith's affidavit identifies him as defendant's brother. Dorothy's affidavit is silent regarding her
relationship to defendant, although defense counsel on appeal identifies Dorothy as defendant's
mother.

psychiatrist when he was older. She was "not sure exactly what he was on, but they tried several different ones that didn't seem to help him." Defendant subsequently refiled his petition and newly attached various medical records from his incarceration, dating from 2011 to 2012.

¶ 5 The trial court docketed defendant's petition on August 30, 2013, and appointed an attorney to represent him. Postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) on December 5, 2013. In the certificate, counsel asserted that she had consulted with defendant by phone and letter to ascertain his contentions, examined the "report of proceedings and relevant documents" concerning defendant's plea and sentencing, and examined defendant's petition and the documents attached to it. She also asserted that she had reviewed documents in defendant's file and attached those relevant to her certificate. The attached documents included two orders by the trial court directing a hospital and correctional center to release defendant's medical records, subpoenas to the hospital and correctional center, and a transcript from court proceedings prior to defendant's plea. The transcript reflects that defendant was not present in court due to his hospitalization and that the State tendered 452 pages of mental health records and intended to tender three additional sets of records. Counsel concluded that the petition adequately presented his claims and it was not necessary to make any amendments.

¶ 6 On February 11, 2014, defendant attempted to file a *pro se* amendment to his petition, alleging, *inter alia*, that trial counsel was ineffective for failing to request a fitness hearing at the time of his guilty plea. The trial court denied defendant leave to file the amendment. The court subsequently questioned postconviction counsel about the amendment and counsel stated that she was aware of the amendment but declined to adopt it.

¶ 7 Three days later, the State filed a motion to dismiss the petition arguing that the petition was untimely and lacked merit because defendant's assertions were rebutted by the record and the defendant's medical records for years after his plea were irrelevant to his fitness at the time of his plea. Postconviction counsel responded that the petition's lateness should be excused "because of the submitted documents at the negotiated plea of guilty which recognized his mental illness." Counsel also argued that the petition had merit because defendant's one-word answers to the trial court's admonishments did not allow the court to adequately determine his competency to plead.

¶ 8 The trial court granted the State's motion to dismiss, finding that nothing during the plea hearing indicated that defendant was under the influence of psychotropic drugs or raised a *bona fide* doubt about his fitness. The court also found that trial counsel's challenged actions were trial strategy and therefore not ineffective representation. Finally, the trial court explicitly stated that it was dismissing the petition "without addressing the timeliness issue." Defendant appeals.

¶ 9                                                    II. ANALYSIS
¶ 10                                              A. Sentencing Claim
¶ 11 For the first time on appeal, defendant contends that his agreed upon concurrent sentences are void because relevant sentencing statutes mandate consecutive sentences, and therefore, his case must be remanded for resentencing. Acknowledging that he failed to raise this issue in his postconviction petition, defendant argues that he may still challenge his sentence because a

void sentence may be attacked at any time, citing *People v. Marshall*, 242 Ill. 2d 285, 302 (2011), and that case's predecessors.

¶ 12    Before addressing the merits of defendant's claim, we must first determine whether it has been waived. The State argues that defendant has waived his sentencing claim by failing to raise it in his petition. It further argues that the void sentence rule, upon which defendant relies to overcome his waiver, was abolished by our supreme court's recent ruling in *Castleberry*, 2015 IL 116916.[2] Defendant acknowledges *Castleberry*, but argues that the case established a new rule which cannot be retroactively applied to his claims because his conviction was final prior to the supreme court's opinion in *Castleberry*.

¶ 13    Typically, a defendant waives any claim not raised in his or her postconviction petition. *People v. Jones*, 211 Ill. 2d 140, 148 (2004); see also 725 ILCS 5/122-3 (West 2012). Yet, in *People v. Arna*, 168 Ill. 2d 107 (1995), our supreme court established the rule that "[a] sentence which does not conform to a statutory requirement is void" and consequently, an appellate court could correct a void sentence at anytime. *Id.* at 113. Thus, under the rule established in *Arna*, a claim that a sentence is void was not subject to waiver. *People v. Thompson*, 209 Ill. 2d 19, 27 (2004). The void sentence rule allowed a defendant to raise such an issue on appeal from postconviction proceedings under the Act, regardless of whether the claim was included in the underlying petition. *Id.* at 26-27. However, during the pendency of the current appeal, the supreme court rendered its opinion in *Castleberry*, and explained that whether a court order is void depends solely on whether the court had jurisdiction. *Castleberry*, 2015 IL 116916, ¶ 11. Accordingly, a sentence which does not conform to a statutory requirement, but which is entered by a court with jurisdiction, is merely voidable. See *id.* The court explained that it was "abolish[ing]" the void sentence rule established in *Arna*. *Id.* ¶ 19. The question of waiver, therefore, depends solely on whether the ruling in *Castleberry* applies to defendant.

¶ 14    A new rule of criminal procedure is generally applicable to all cases pending on direct review but not applicable to cases brought on collateral review. *People v. Smith*, 2015 IL 116572, ¶ 24. In *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion), the United States Supreme Court established two exceptions to the bar on retroactive application of new rules in collateral challenges: where the rule (1) places certain private individual conduct beyond the proscriptive power of the criminal law or (2) requires the observance of procedures "implicit in the concept of ordered liberty." (Internal quotation marks omitted.) *Id.* at 307 (quoting *Mackey v. United States*, 401 U.S. 667, 693 (1971)). The Illinois Supreme Court adopted the *Teague* analysis in *People v. Flowers*, 138 Ill. 2d 218, 237 (1990). The purpose of the *Teague* analysis is to promote the government's interest in the finality of criminal convictions, and preserve the " 'deterrent effect' " of the law. (Internal quotation marks omitted.) *People v. Davis*, 2014 IL 115595, ¶ 35 (quoting *Flowers*, 138 Ill. 2d at 239).

¶ 15    Under the *Teague* analysis, before considering the exceptions a court must determine if the rule in question is in fact a new rule. See *Smith*, 2015 IL 116572, ¶ 26. Both the United States and Illinois Supreme Courts have acknowledged that the determination of whether a ruling pronounces a new rule is difficult. *Teague*, 489 U.S. at 301; *People v. Morris*, 236 Ill. 2d 345, 359 (2010). The United States Supreme Court explained that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal

---

[2]*Castleberry* was filed on November 19, 2015, several weeks after defendant filed his initial appellate brief.

Government." *Teague*, 489 U.S. at 301; see also *Morris*, 236 Ill. 2d at 359. In other words, a new rule is one not required by established precedent at the time that a defendant's conviction became final. *Teague*, 489 U.S. at 301; see also *Morris*, 236 Ill. 2d at 359.

¶ 16 Two recent opinions by the Illinois Appellate Court have considered whether *Castleberry* set forth a new rule of criminal procedure: *People v. Smith*, 2016 IL App (1st) 140887, and *People v. Stafford*, 2016 IL App (4th) 140309. In both cases, the defendant challenged his sentence as void for the first time on appeal, and the appellate court considered whether *Castleberry* applied retroactively. *Smith*, 2016 IL App (1st) 140887, ¶ 12; *Stafford*, 2016 IL App (4th) 140309, ¶ 29. In *Smith*, the defendant relied on the supreme court's statements in *Castleberry* that it was " 'departing from precedent' " and " 'abolished' " the void sentence rule to argue that a new rule had been created. *Smith*, 2016 IL App (1st) 140887, ¶ 27 (quoting *Castleberry*, 2015 IL 116916, ¶ 19). The court concluded, however, that "*Castleberry* did not announce a new rule, but merely abolished the rule stated in *Arna*, thereby reinstating the rule in effect before *Arna*: a sentence that did not comply with statutory guidelines was only void if the court lacked personal or subject matter jurisdiction." *Id.* ¶ 29. In *Stafford*, the court examined the holding in *Smith* and adopted its determination that "*Castleberry* did not create a new rule but merely abolished one." *Stafford*, 2016 IL App (4th) 140309, ¶¶ 32-33.

¶ 17 Although *Smith* and *Stafford* agreed that *Castleberry* did not create a new rule, each reached separate conclusions regarding the result of that determination. In *Smith*, the court held "[b]ecause *Castleberry* did not announce a new rule" it "cannot be applied retroactively." *Smith*, 2016 IL App (1st) 140887, ¶ 30. Conversely, the court in *Stafford* concluded, "[b]ecause *Castleberry* did not create a new rule, its holding *does* apply retroactively." (Emphasis in original.) *Stafford*, 2016 IL App (4th) 140309, ¶ 33 (citing *Teague*, 489 U.S. at 301).

¶ 18 We agree with this court's previous decisions in concluding that *Castleberry*'s holding constituted the abolishment of a rule, rather than the establishment of a new rule. That said, we are inclined to adopt the ultimate conclusion reached by the court in *Stafford*. See *Teague*, 489 U.S. at 301; see also *People v. Moore*, 177 Ill. 2d 421, 436 (1997) (holding that a prior case's ruling did not announce a new rule of law and, therefore would be applied retroactively).

¶ 19 Because *Castleberry* did not announce a new rule, its holding is applicable to defendant's case. Pursuant to *Castleberry*, defendant's claim attacks his sentence as merely voidable, not void. See *Castleberry*, 2015 IL 116916, ¶ 11. Accordingly, defendant is not free to challenge his sentence for the first time on appeal and has waived the claim.

¶ 20                    B. Postconviction Counsel's Representation

¶ 21 Defendant next contends that his postconviction counsel failed to provide reasonable assistance, asserting that she failed to examine and attach evidentiary support to his petition. He also argues that she unreasonably failed to amend the petition to argue that his untimely filing was not the result of culpable negligence. The State responds that counsel's Rule 651(c) certificate created a presumption of reasonable assistance that defendant has failed to rebut.

¶ 22 The Act provides a three-stage mechanism for a defendant who alleges that he suffered a substantial deprivation of his constitutional rights. *People v. Clark*, 2011 IL App (2d) 100188, ¶ 15. At the second stage of the proceeding, as in this case, the State may either file an answer to the defendant's petition or a motion to dismiss it. *People v. Lofton*, 2011 IL App (1st) 100118, ¶ 27. Before a postconviction petition moves to the third-stage evidentiary hearing,

the trial court must determine if the petition and any attached documents "make a substantial showing of a constitutional violation." *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 23 The Act also provides for the appointment of counsel at an indigent petitioner's request once a petition reaches the second stage of proceedings (725 ILCS 5/122-4 (West 2012)); however, a defendant does not have a constitutional right to the effective assistance of counsel at a postconviction proceeding (*People v. Moore*, 189 Ill. 2d 521, 541 (2000)). Instead, the Act provides a statutory right to "a reasonable level of assistance by appointed counsel." *Id.*

¶ 24 In order "[t]o assure the reasonable assistance required by the Act," Rule 651(c) imposes certain duties on counsel in postconviction proceedings. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Counsel must (1) communicate with the defendant to ascertain the claims of constitutional violations, (2) examine the record of the trial court proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's claims. *Id.* Where counsel fails to meet the requirements of Rule 651(c), remand is required "regardless of whether the claims raised in the petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

¶ 25 Compliance with Rule 651(c) may be shown by the filing of a certificate by counsel. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23.We review counsel's compliance with Rule 651(c) *de novo*. *Suarez*, 224 Ill. 2d at 41-42.

¶ 26 Here, postconviction counsel filed an amended Rule 651(c) certificate, which indicated that she had communicated with defendant, examined the record of the proceedings and other documentation in the clerk's file regarding defendant's case, examined the petition and its attached documents, and concluded that amendment was not necessary. The assertions made in her certificate are not contradicted by the record, and thus we find the certificate to be facially valid. See *Perkins*, 229 Ill. 2d at 52 (finding Rule 651(c) certificate facially valid where it was not contradicted by the record). Accordingly, there is a rebuttable presumption that postconviction counsel acted reasonably and, in order to overcome this presumption, defendant must "demonstrat[e] his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 27 Defendant first argues that postconviction counsel was unreasonable because she did not examine or attach relevant mental health records to defendant's petition. Defendant points to no affirmative evidence in the record to establish that postconviction counsel did not seek out and examine all available evidence relevant to his claim. Instead, he notes that counsel's certificate does not specifically state that she examined his mental health records and appears to conclude that counsel did not do so. This is a reversal of the presumption and corresponding burden in effect in this case. A court may reasonably presume postconviction counsel made a concerted effort to obtain evidence in support of postconviction claims, but was unsuccessful. See *People v. Johnson*, 154 Ill. 2d 227, 241 (1993). Moreover, although several parts of the record reflect that defendant was hospitalized at some point prior to his plea and that mental health records exist, nothing in the record establishes the substance of those medical records. Without any indication of whether those documents would have actually benefitted defendant's claim that he was mentally unfit to plead guilty, we will not assume that counsel was unreasonable in not attaching them to his petition. It is defendant's burden to overcome the presumption of postconviction counsel's reasonableness; he has failed to do so.

- 6 -

¶ 28    Defendant analogizes his case to *People v. Turner*, 187 Ill. 2d 406, 413 (1999); *People v. Treadway*, 245 Ill. App. 3d 1023, 1027 (1993), and *Johnson*, 154 Ill. 2d 227, where reviewing courts found postconviction representation to be unreasonable. However, in each of those cases postconviction counsel failed to file a Rule 651(c) certificate. See *Turner*, 187 Ill. 2d at 409-10; *Treadway*, 245 Ill. App. 3d at 1026; *Johnson*, 154 Ill. 2d at 238. Thus the question before those courts was whether the record affirmatively showed compliance with Rule 651(c). *Turner*, 187 Ill. 2d at 410; *Treadway*, 245 Ill. App. 3d at 1026; *Johnson*, 154 Ill. 2d at 238. Conversely, given the facially valid 651(c) certificate in the present case, we are faced with the opposite question of whether the record positively rebuts the presumption of reasonableness. See *Profit*, 2012 IL App (1st) 101307, ¶ 19. Accordingly, we find *Turner*, *Treadway*, and *Johnson* inapposite.

¶ 29    Defendant also analogizes his case to *People v. Waldrop*, 353 Ill. App. 3d 244 (2004), where the defendant's postconviction counsel did file a Rule 651(c) certificate. *Id.* at 248. However, in *Waldrop* the appellate court held that counsel provided unreasonable assistance and failed to comply with Rule 651(c) after reviewing the record and concluding that it "flatly contradicted" the presumption of reasonableness and established that counsel mistakenly believed that he had no duty to obtain an affidavit from a witness identified in the defendant's *pro se* petition. *Id.* at 250. There is no such contradiction here, rendering *Waldrop* distinguishable.

¶ 30    Finally, defendant argues that counsel was unreasonable for failing to amend his petition to argue that he was not culpably negligent for the petition's untimeliness. He points to three medical records attached to his petition, which indicate that defendant was diagnosed as having "schizoaffective" disorder and prescribed multiple medications in January and February 2011. The second of the three documents also diagnoses defendant with "PTSD." The form includes several objective criteria, with instructions for the observer to check if normal and note if abnormal. The form's author has placed a check mark next to the "Thought Processes" category, but next to the category "Insight/Judgment" has written "limited."

¶ 31    The purpose of Rule 651(c) is to ensure that postconviction counsel shapes a defendant's allegations into a proper legal form and presents them to the court. *Profit*, 2012 IL App (1st) 101307, ¶ 18. Counsel need not amend a *pro se* petition in all cases, but he or she must make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); see also *Turner*, 187 Ill. 2d at 412. Such amendments include those "routine amendments" which overcome procedural bars of waiver. *Turner*, 187 Ill. 2d at 414. Our supreme court has explained:

> "Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence. In discharging this duty, counsel must inquire of the petitioner whether there is any excuse for the delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner. Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims." *Perkins*, 229 Ill. 2d at 49-50.

However, postconviction counsel is not required to advance frivolous or spurious claims. *People v. Greer*, 212 Ill. 2d 192, 205 (2004).

¶ 32    A postconviction petition may not be brought more than three years after a defendant's conviction if that defendant does not pursue a direct appeal, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. 725 ILCS 5/122-1(c) (West 2012). This limit acts as an affirmative defense which may be raised by the State. *People v. Stoecker*, 384 Ill. App. 3d 289, 291 (2008). Here, defendant was convicted on February 25, 2008, and thus the latest he could have brought his petition without alleging that the delay was not due to culpable negligence was February 25, 2011. His petition filed in July 2013 was untimely by well over two years and could thus be barred.

¶ 33    Reviewing the record, we find that defendant has failed to rebut the presumption that counsel was reasonable in declining to amend the petition to include an argument that the petition's untimeliness was due to defendant's mental health. Defendant's argument is based mainly on two diagnoses of schizoaffective disorder, a note that defendant's insight or judgment was "limited" despite his thought processes being marked as normal, and his use of prescribed medication in the final two months of the three year period in which his petition would have been timely. A diagnosis of a mental health issue by itself does not establish that defendant was incapable of filing a postconviction petition. Similarly, the fact that defendant was prescribed medications does not establish that those medications barred his ability to timely file his petition. Significantly, defendant points to nothing in the record that indicates he explained that his untimeliness was due to his mental health or gave his counsel reason to believe so. We cannot find postconviction counsel unreasonable for failing to speculate that defendant's unexplained failure to timely file was due to a mental health condition for which he was receiving treatment without any actual indication that the condition was responsible for the untimely filing of his petition. Defendant has therefore failed to affirmatively establish that postconviction counsel's decision not to amend the petition was unreasonable, and thus, has failed to meet his burden.

¶ 34                                    III. CONCLUSION

¶ 35    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 36    Affirmed.