2025 IL App (1st) 231531-U

FOURTH DIVISION
Order filed: February 13, 2025

No. 1-23-1531

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11CR17786 |
| | ) | |
| MATTHEW LAMOTTE, | ) | Honorable |
| | ) | Terry Gallagher, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: The second-stage dismissal of the defendant's postconviction petition is reversed and the matter is remanded for further proceedings when (1) postconviction counsel's Illinois Supreme Court Rule 651(c) certificate did not comply with the rule by failing to attest that he made any amendments to the petition that were necessary to adequately present the defendant's contentions, and (2) postconviction counsel did not provide reasonable assistance by failing to amend the defendant's *pro se* petition to adequately present the defendant's claims.

¶ 2    Following a jury trial in August of 2014, the defendant, Matthew Lamotte, was convicted

of the first-degree murder of Oscar Solorzano, but found not guilty of the attempted first-degree

murder of Daniel Reynoso. This court affirmed the defendant's conviction on direct appeal. *People v. Lamotte*, 2017 IL App (1st) 143692-U. On November 6, 2018, the defendant filed a *pro se* petition for postconviction relief. The petition was docketed, and eventually private postconviction counsel filed an appearance and filed a Rule 651(c) (eff. Jul. 1, 2017) certificate without amending the *pro se* petition. The State filed a motion to dismiss the petition, which was granted by the circuit court. The defendant appeals, arguing that (1) postconviction counsel's Rule 651(c) certificate was facially deficient and (2) he did not receive reasonable assistance from postconviction counsel when he failed to amend his *pro se* petition to properly present the defendant's claims. For the reasons which follow, we reverse the dismissal of the defendant's petition and remand for new second-stage proceedings.

¶ 3    In October of 2011, the State charged the defendant and codefendant Ricky Schoen with the first-degree murder (720 ILCS 5/9-1(a)(1) (West 2010)) of Oscar Solorzano and the attempted first-degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2010)) of Daniel Reynoso. The defendant's jury trial was held simultaneously with the bench trial of Schoen in August of 2014.

¶ 4    The evidence at trial was previously set forth in our order on the defendant's direct appeal. *Lamotte*, 2017 IL App (1st) 143692-U, ¶¶ 4-18. We summarize the evidence relevant to the defendant's postconviction petition.

¶ 5    The evidence presented at trial generally established that, in May of 2010, there was an ongoing conflict between two rival street gangs, the Almighty Saints and the Latin Kings. The defendant and Schoen were members of the Almighty Saints gang. On May 25, 2010, Schoen took his older brother's Ford Explorer without permission and drove to Summit, Illinois where he picked up the defendant and Gustavo Garcia. Around 10:40 p.m., the three men were traveling westbound

on 61st Street in Summit, which was described as Latin King territory. As they approached Archer Avenue, they stopped and started shooting at two men, later identified as Solorzano and Reynoso, who were in the process of entering Solorzano's vehicle. Reynoso, a Latin King, testified that he immediately ran away and escaped without being shot. Solorzano, who was not affiliated with any gang, died as a result of two gunshot wounds. Eyewitnesses to the shooting testified that the shots were fired from the passenger side window of the Explorer and that the vehicle fled south on Archer Avenue. The eyewitnesses did not observe the faces of any occupants inside the Explorer.

¶ 6    Summit police officer Mel Ortiz testified that he responded to the scene and pursued the Explorer until the vehicle stopped on Neva Avenue in Chicago. Officer Ortiz observed Schoen, the defendant, and Garcia exit the Explorer and flee on foot. Schoen exited the driver's side, while the defendant and Garcia exited the passenger's side. Chicago Police Department officers later recovered a handgun near the driver's side door of the Explorer. Forensic testing confirmed that a bullet that was lodged in Solorzano's right bicep was fired from that handgun.

¶ 7    David Wheeler, Schoen's older brother, testified that Schoen called him on the evening of May 25, 2010, and asked him to report the Explorer stolen. Wheeler testified that Schoen called back later that evening and stated that he had shot someone after an argument at a gas station and that he had abandoned the Explorer.

¶ 8    Edwin Rolnicki testified that on the evening of May 25, 2010, he received a call from the defendant, who asked Rolnicki to pick him up. Rolnicki testified that he drove to the defendant's location in a residential neighborhood near Harlem Avenue and Archer Avenue. When the defendant entered Rolnicki's vehicle, he stated "they lit up some Kings;" that "Ricky did it, stupid as hell;" and that "Ricky just shot a guy, just did; stupid as hell; just shot the guy."

¶ 9     The defendant did not testify or present any witnesses. During closing argument, the prosecutor argued that, under the theory of accountability, the defendant and Schoen were equally responsible for the murder of Solorzano and attempted murder of Reynoso. Defense counsel argued, *inter alia*, that the State failed to prove beyond a reasonable doubt that the defendant was the person who shot and killed Solorzano or that he was responsible for Solorzano's death.

¶ 10     The jury found the defendant guilty of first-degree murder of Solorzano and not guilty of the attempted murder of Reynoso. After denying the defendant's posttrial motion, the trial court sentenced him to 45 years in prison.

¶ 11     The defendant filed a direct appeal of his conviction, arguing that (1) the trial court erred by denying his request to give the jury a non-pattern jury instruction on the issue of accountability; and (2) he was deprived of his right to a fair trial where the prosecutor made improper remarks during rebuttal closing argument. *Lamotte*, 2017 IL App (1st) 143692-U, ¶ 2. This court affirmed the defendant's conviction. *Id.* ¶¶ 43-44.

¶ 12     The defendant filed a *pro se* postconviction petition on November 6, 2018, raising two claims. The first claim was labelled as an "actual innocence" claim. In the first claim, the defendant argued that his conviction must be vacated because the jury verdict was "against the manifest weight of the evidence". He argued that the State failed to prove that he was the shooter or that he was accountable for the conduct of either Schoen or Garcia, given that no eyewitnesses identified him as the shooter, and no gun-shot residue was found on his hands after the shooting. The second claim was labelled "inconsistent verdicts", and alleged that trial and appellate counsel were ineffective for failing to challenge his conviction on the basis that the jury rendered inconsistent verdicts when it found him guilty of the murder of Solorzano but not guilty of the attempted murder

of Reynoso. He argued that both charges were alleged to be part of a single act, and therefore he could not be guilty of the murder charge but not guilty of the attempted murder charge. See *People v. Murray*, 34 Ill. App. 3d 521 (1975).

¶ 13    On January 18, 2019, the petition was docketed and counsel from the public defender's office was appointed to represent the defendant. After numerous continuances, private postconviction counsel filed an appearance on behalf of the defendant on October 17, 2022. On December 7, 2022, postconviction counsel filed a Rule 651(c) certificate and did not amend the defendant's *pro se* petition. Postconviction counsel's Rule 651(c) certificate stated as follows:

> The undersigned, on oath, as the attorney in this matter and pursuant to Illinois Supreme Court Rule 651 (c) has consulted with the petitioner by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial and sentencing and reviewed the original court file. Counsel has conducted a diligent investigation into this matter and he verily believes that the facts and circumstances support the filing of this Petition and the statements in said Petition are true in substance and in fact.

¶ 14    On December 16, 2022, the State filed a motion to dismiss the petition. The motion to dismiss argued that the defendant's first claim essentially raised a reasonable doubt argument and that such an argument was barred by forfeiture, as it was not raised on direct appeal. The motion further argued that the defendant's second claim was meritless because the one-act, one-crime rule only applies to multiple charges against a single victim, and this case involved multiple victims. The motion continued to argue that the defendant had not established the ineffective assistance of trial or appellate counsel in failing to raise the one-act, one-crime issue. Postconviction counsel did not file a written response to the motion to dismiss, but requested that the circuit court set the matter for argument.

¶ 15 On July 21, 2023, the parties argued the motion to dismiss. The State reiterated the arguments in its motion to dismiss that the one-act, one-crime claim was meritless, there was no showing of ineffective assistance of counsel, and that the "actual innocence" claim is essentially a reasonable doubt claim, which was forfeited since it was not raised on direct appeal. In response, postconviction counsel stated he was "going to rest on the petition that is on file in this matter and the arguments that we believe are well-stated in that petition." Postconviction counsel emphasized that the "primary allegation" was that appellate counsel was ineffective for failing to raise on direct appeal the one-act, one-crime argument based on the inconsistent verdicts.

¶ 16 The circuit court continued the matter to July 28, 2023, when it granted the State's motion to dismiss by oral ruling. Regarding the actual innocence claim, the circuit court found that the defendant did not present new evidence and failed to cite to anything outside the appellate record, and that the defendant could have raised the argument on direct appeal. Regarding the one-act, one-crime claim, the circuit court found that "in this sort of situation the one-act, one-crime violation cannot be supported", and found that there was no substantial showing of ineffective assistance of either trial or appellate counsel.

¶ 17 On appeal, the defendant argues that he did not receive reasonable assistance from postconviction counsel because (1) postconviction counsel filed a facially deficient Rule 651(c) certificate that did not state whether he made any amendments necessary to adequately present the defendant's claims, and (2) postconviction counsel failed to provide reasonable assistance by failing to amend the defendant's *pro se* petition to add a claim that appellate counsel was ineffective for failing to raise a reasonable doubt argument, which the defendant argues was

necessary to preserve the first claim in the petition. We agree with the defendant and reverse the dismissal of his postconviction petition and remand for further second-stage proceedings.

¶ 18    The Postconviction Hearing Act allows a defendant to collaterally attack a conviction by asserting that it resulted from a "substantial denial" of their constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2024). A post-conviction petition is not an appeal from the conviction judgement, but rather a collateral attack on the trial court proceedings. *People v. Tate*, 2012 IL 112214 ¶ 8. If the petition is not summarily dismissed, it must be docketed for further consideration at the second stage, and the circuit court may appoint counsel to the defendant. 725 ILCS 5/122-2.1(b), 122-4 (West 2024). At the second stage, the defendant must make a substantial showing of a deprivation of a constitutional right. *People v. Bailey*, 2017 IL 121450, ¶ 18. If the defendant fails to make such a showing, the petition is dismissed. *Id.*

¶ 19    In a postconviction proceeding, there is no constitutional right to counsel, rather the right to counsel is a matter of "legislative grace." *People v. Custer*, 2019 IL 123339, ¶ 30; *People v. Porter*, 122 Ill. 2d 64, 73 (1988). A postconviction defendant is entitled only to the level assistance granted by the Act, which is labelled a 'reasonable' level of assistance. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). To ensure that a postconviction defendant receives such assistance, Rule 651(c) provides:

> The record filed in that court shall contain a showing, which may be made by the certificate of the petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of the petitioner's contentions. Ill. Sup. Ct. R. 651(c).

¶ 20    Compliance with Rule 651(c) is mandatory, but once postconviction counsel files a valid Rule 651(c) certificate, a rebuttable presumption of reasonable assistance arises. *Custer*, 2019 IL 123339, ¶ 32. A Rule 651(c) certificate need not strictly mirror the language of the rule, but must substantially comply with the rule. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008). If counsel fails to file a valid Rule 651(c) certificate, there is no presumption of reasonable assistance and "there must be an explicit showing in the record that the rule's requirements have been met." *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008). A defendant may rebut the presumption of reasonable assistance by showing that postconviction counsel did not make necessary amendments to the *pro se* petition, including those that are necessary to overcome procedural bars. *People v. Addison*, 2023 IL 127119, ¶ 21.  We review *de novo* postconviction counsel's compliance with Rule 651(c). *Id.* ¶ 17.

¶ 21    The defendant first argues that the Rule 651(c) certificate filed by postconviction counsel was facially deficient as it did not certify that counsel made any amendments necessary for the adequate presentation of his claims, and therefore he argues that the certificate does not lead to any presumption of reasonable assistance. We agree with the defendant.

¶ 22    The Rule 651(c) certificate filed by postconviction counsel fails to mention the need for any amendments to the defendant's *pro se* petition, nor does it attest that the contentions in the petition were adequately presented. The certificate instead states that postconviction counsel believed that the statements made in the petition were "true in substance and in fact" and that the "facts and circumstances support the filing of this Petition." While it is not required to recite the requirements verbatim from the rule, the certificate failed to attest to a key aspect of the rule, whether any amendments were necessary to adequately present the defendant's claims.

¶ 23    The defendant cites *People v. Bashaw*, 361 Ill. App. 3d 963, 969 (2005), in support of his argument that postconviction counsel's Rule 651(c) certificate did not comply with the rule. In *Bashaw*, postconviction counsel's certificate did not include any language regarding the need for amendments to the petition, and instead stated that the defendant "indicated that he wishes to rely on his original postconviction petition". *Id.* This court found that the decision of whether to amend the petition rested with counsel, rather than the defendant, and that counsel's certification that the defendant wished to stand on the petition "is not an appropriate substitute" for the requirement that counsel attest to the need for any amendments. *Id.* This court found that this defect, along with postconviction counsel's failure to certify that she reviewed the trial record, rendered the certificate deficient. *Id.* at 967-69.

¶ 24    The State argues that *Bashaw* is distinguishable, asserting that the holding rested on the fact that the certification indicated that it was the defendant's decision whether to amend the petition, rather than the decision of counsel. While that was part of the holding in *Bashaw*, this court also held that counsel's certification that the defendant wished to stand on the petition was "not an appropriate substitute" for counsel's obligation under Rule 651(c) to attest that she made all necessary amendments to adequately present the defendant's claims. *Id.* at 969. In the present case, postconviction counsel failed to attest that he made any amendments necessary to adequately present the defendant's claim, and his statement that "the facts and circumstances support the filing of this Petition" was not an appropriate substitute to comply with the rule.

¶ 25    As the Rule 651(c) certificate filed by postconviction counsel omitted part of his obligations under the rule, we find that the certificate failed to substantially comply with the rule.

Therefore, we do not presume that postconviction counsel provided reasonable assistance to the defendant.

¶ 26    The defendant's next argument is that postconviction counsel did not provide reasonable assistance, when counsel failed to amend the *pro se* petition to adequately present the defendant's claims. We agree with the defendant that he did not receive reasonable assistance from postconviction counsel.

¶ 27    In arguing that postconviction counsel failed to provide reasonable assistance, the defendant relies on *Addison*, 2023 IL 127119. In *Addison*, the original *pro se* petition raised 15 issues, 14 of which included an allegation that appellate counsel was ineffective for failing to raise those issues on direct appeal. *Id.* ¶ 7. Postconviction counsel filed an amended petition raising five issues, but did not assert ineffective assistance of appellate counsel, even though all five issues could have been raised on direct appeal. *Id.* ¶ 8. The State filed a motion to dismiss, arguing that the five claims in the amended petition were forfeited because they could have been raised on direct appeal. *Id.* ¶ 9. Postconviction counsel failed to respond to the forfeiture argument, even when pressed to do so by the circuit court, and the petition was dismissed. *Id.* ¶¶ 11-12. This court reversed the dismissal of the petition, finding that postconviction counsel failed to provide reasonable assistance by failing to include allegations of ineffective assistance of appellate counsel. *Id.* ¶ 13. The supreme court agreed, finding that postconviction counsel did not provide reasonable assistance when she arguably made the *pro se* petition worse by amending the petition and removing the ineffective assistance of appellate counsel arguments. *Id.* ¶ 24-25 The supreme court held that postconviction counsel did not provide reasonable assistance when "she identified

several claims that she believed were worth pursuing but did not make the necessary amendments to put the claims in their proper form." *Id.* ¶ 25.

¶ 28    The State argues that the present case is distinguishable from *Addison*, as postconviction counsel did not make the petition worse by amending it to remove arguments that would have preserved the underlying claims. While it is true that by standing on the *pro se* petition, postconviction counsel did not make the petition worse, we do not interpret *Addison* to mean that only actions that make a *pro se* petition worse constitute a failure to provide reasonable assistance. In the present case, postconviction counsel "did not make the necessary amendments to put the claims in their proper form", and through his inaction, postconviction counsel did not provide reasonable assistance. *Addison*, 2023 IL 127119, ¶ 25; *Turner*, 187 Ill.2d at 414.

¶ 29    The State further argues that the present case is distinguishable from *Addison* because the circuit court ruled on the merits of the defendant's petition, rather than dismissing it purely due to forfeiture. However, the court in *Addison* rejected a similar argument from the State that a remand was not required if the circuit court dismissed the petition on the merits, rather than based on forfeiture. *Addison*, 2023 IL 127119, ¶¶ 39-42; see *Turner*, 187 Ill.2d at 416 ("This court will not speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c).") (citing *People v. Johnson*, 152 Ill.2d 227, 246 (1993)).

¶ 30    In this case, postconviction counsel failed to make necessary amendments to properly shape the defendant's claims by resting on the defendant's *pro se* petition, which purportedly raised an actual innocence claim but in substance argued that the guilty verdict was "against the manifest weight of the evidence". The State argued that the claim was effectively a reasonable

doubt argument, and that such a claim was forfeited as the issue was not raised on direct appeal. Postconviction counsel did not respond to this argument or amend the *pro se* petition to address this argument, but rather rested on the "well-stated" arguments in the petition. The circuit court found that the defendant failed to present any new evidence for an actual innocence claim and found that the claim could have been brought on direct appeal. The *pro se* petition did not adequately present the defendant's claim, and postconviction counsel's failure to amend the petition to properly shape the defendant's claim was not reasonable assistance. See *People v. Turner*, 187 Ill.2d 408, 414 (1999) (finding that postconviction counsel did not provide reasonable assistance when he "failed to make a routine amendment to the post-conviction petition which would have overcome the procedural bar of waiver and elected to stand on a *pro se* petition, which omitted essential elements of the petitioner's constitutional claims and contained virtually no evidentiary support.").

¶ 31    The State next argues that postconviction counsel was not obligated to amend the petition to include the allegation of ineffective assistance of appellate counsel as the petition raised an actual innocence claim, which can be presented at any time. See *People v. Williams*, 394 Ill. App. 3d 236, 246 (2008). The State further argues that postconviction counsel had no obligation to amend the petition to advance a frivolous claim or reframe the defendant's original claim into a challenge of the sufficiency of the evidence.

¶ 32    As the defendant points out, the State argued multiple times before the circuit court that the defendant was effectively raising a reasonable doubt argument in arguing that such a claim was forfeited. The only "reframing" required to properly present the defendant's claim as a challenge to the sufficiency of the evidence was to change the label of the claim and add an allegation that

appellate counsel was ineffective for failing to raise the issue on direct appeal. See *People v. Blair*, 215 Ill.2d 427, 450-51 (2005). Additionally, even if the defendant intended to raise an actual innocence claim, such a claim was not adequately presented in the *pro se* petition, as the *pro se* petition included no new evidence to suggest actual innocence and merely argued that the evidence at trial was not sufficient to prove him guilty. See *People v. Urzua*, 2023 IL 127789, ¶ 60 (finding that postconviction counsel's failure to amend the defendant's *pro se* petition and attach evidence to support an actual innocence claim was not reasonable assistance).

¶ 33 We find that postconviction counsel failed to provide reasonable assistance to the defendant when he failed to amend the *pro se* petition to properly shape the defendant's claims, and failed to respond to the State's forfeiture argument.

¶ 34 Finding that postconviction counsel failed to comply with Rule 651(c) and did not provide reasonable assistance, we reverse the judgment of the circuit court without consideration of the merits of the defendant's petition, and remand for new second-stage proceedings with the appointment of new counsel with leave to make any necessary amendments to the defendant's petition in compliance with Rule 651(c). *Addison*, 2023 IL 127119, ¶¶ 33, 44; *People v. Schlosser*, 2017 IL App (1st) 150355, ¶¶ 36, 46 (postconviction counsel's failure to provide a reasonable level of assistance at the second stage requires the appointment of new counsel on remand, with leave to amend the petition if necessary).

¶ 35 Reversed and remanded with directions.