Rule 23 order filed
November 13, 2008;
Motion to publish granted
December 9, 2008.

CONSOLIDATED APPEAL NO. 5-07-0241

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Union County. |
| | ) |
| v. | ) No. 02-CF-38 |
| | ) |
| CHRISTOPHER J. MYERS, | ) Honorable |
| | ) Mark M. Boie, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

The defendant, Christopher Myers, appeals the judgments entered by the circuit court of Union County dismissing his petition for postconviction relief and denying his motion attacking a void judgment. He argues that the judgments must be reversed and the cause remanded because the record fails to demonstrate that his counsel satisfied the requirements of Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).

The defendant was convicted of two counts of aggravated arson on December 12, 2002. A sentencing hearing was held January 3, 2003. During the hearing, the State argued, "[T]his is a day-for-day case." The trial court admonished the defendant that his sentence could range from 6 to 30 years for a Class X felony. The trial court stated, "I do not believe that this case is a mandatory 85 percent, under the truth-in-sentencing laws." At the conclusion of the sentencing hearing, the trial court sentenced the defendant to eight years' imprisonment on each count to run concurrently. The court then entered a written judgment and order on January 6, 2003, sentencing the defendant to concurrent terms of eight years' imprisonment on each count with day-for-day credit and credit for time served from April

1

8, 2002. The trial court subsequently entered an amended order on January 10, 2003, deleting the day-for-day credit language.

On January 28, 2003, the defendant filed a motion to reconsider the orders and for a new trial, which was denied by the trial court in a written order entered February 28, 2003. The defendant then filed a notice of appeal on March 4, 2003, arguing that he was denied his right to a speedy trial and that one of his convictions for aggravated arson must be vacated because there was only one act of arson. On direct appeal to this court, one aggravated arson conviction and sentence was vacated. *People v. Myers*, 352 Ill. App. 3d 684 (2004). On March 23, 2005, the trial court entered an amended mittimus sentencing the defendant to eight years of imprisonment with day-for-day credit and credit for time served from April 8, 2002.

On September 19, 2006, the defendant filed a petition for postconviction relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2006)). Among other things, the defendant argued for the first time that the prosecutor had misled the trial court to believe that the defendant would receive day-for-day good-time credit against his sentence. According to the defendant, he had argued during sentencing that his term of imprisonment would be served at 85%. In his petition, he requested that the trial court grant the defendant a new trial or, in the alternative, that it amend the judgment and sentence to reflect that the trial court had intended that the defendant serve four years of imprisonment instead of eight years of imprisonment. The State filed a motion to dismiss on November 2, 2006, which was denied by the trial court on December 5, 2006.

An evidentiary hearing was held April 1, 2007. During the hearing, postconviction counsel for the defendant argued that the sentence for aggravated arson should have been set at 85% time served but that the court mistakenly sentenced the defendant to eight years of imprisonment with day-for-day good-time credit. The defendant's counsel further argued that

2

when the court imposed the eight-year term of imprisonment with day-for-day credit, it intended that the defendant would serve only four years of imprisonment. The State argued that the sentencing issue was forfeited and barred from consideration because the defendant failed to raise the issue on direct appeal. The trial court questioned the defendant's counsel about whether the sentencing issue could have or should have been addressed on direct appeal. The defendant's counsel responded as follows:

"Judge, I will answer that this way: Yes, it could have. Should have? I guess my answer would be yes, as well. I am not the Appellate counsel. I don't know what went on there. Unfortunately, when you are appointed counsel here, the only thing you receive, and you receive this if you ask for it, is a copy of the Appellate brief. You don't get the Rule 23 order. So I don't know what actually happened throughout that. And I haven't read it either.

I know that it is the Court's discretion, as far as concurrent versus consecutive [sentences]. We have had some argument on that, that I vaguely remember, back when we had the trial. But my thinking along that is even if it was not something that was not brought up in the Appellate Court, that does not waive any right that Mr. Myers has to bring that up today in a postconviction hearing. I think that is still an issue that would certainly be re[]visited in the Appellate level, should he choose to appeal the Court's decision, if it comes down to that.

But, yeah, I think it is something that could have been argued back then. I am not sure why it wasn't. I think that whoever argued it focused on this–on double sentencing, versus the actual time of sentencing.

And when you read the transcript, I mean, it is clear in there that the Court says eight years, with day-for-day credit. So I think everybody just took that as, this is going to be day-for-day, and nobody really went back and looked at the actual statute

3

on aggravated arson, which is clear that it is 85 percent."

The court acknowledged that this was an 85% case under truth-in-sentencing laws and that at the time of sentencing the court was mistaken that this was a day-for-day case. However, the court noted that the defendant had forfeited the issue because he failed to address it on direct appeal. The court filed a written order dismissing the defendant's postconviction petition on April 10, 2007. Among other things, the court admitted that the court's comments during sentencing regarding the 85% requirement under truth-in-sentencing laws for a Class X felony were in error. However, the trial court noted that this issue had been forfeited by the defendant for failing to raise the issue on direct appeal. The defendant subsequently filed a timely notice of appeal on May 1, 2007.

Thereafter, the defendant filed a motion attacking a void judgment on June 6, 2007, arguing that the trial court did not have jurisdiction to enter the judgment granting him day-for-day credit. The motion was denied by the trial court on August 3, 2007, finding that the issue was forfeited because it could have been addressed on direct appeal. The defendant then filed the instant appeal on August 24, 2007. This court consolidated these appeals on September 13, 2007.

At the outset, we note that although the appeal from the trial court's denial of the defendant's postconviction petition has been consolidated with the appeal from the denial of the defendant's motion attacking a void judgment, the defendant's brief contains no argument and requests no remedy with regard to the latter ruling. Illinois Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)) mandates that the appellant provide the citation of authorities and the pages of the record relied on in support of an argument on appeal. Moreover, points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for rehearing. 210 Ill. 2d R. 341(h)(7). Therefore, any claim with regard to the court's ruling on the defendant's motion attacking a void judgment must be

4

deemed forfeited. *Kindernay v. Hillsboro Area Hospital*, 366 Ill. App. 3d 559 (2006). Accordingly, we affirm the trial court's order denying the defendant's motion to vacate.

We turn now to the defendant's argument on appeal. The defendant argues that the court's denial of his petition for postconviction relief must reversed and the cause remanded for further proceedings. He argues his postconviction counsel failed to file a certificate of compliance pursuant to Rule 651(c) and that the record does not affirmatively reveal that counsel satisfied the requirements of Rule 651(c). According to the defendant, had his postconviction counsel adequately reviewed the record, he would have found a basis to amend the petition to allege that the defendant's counsel on direct appeal was ineffective for failing to challenge the defendant's sentence on the grounds that the sentencing court mistakenly believed that the defendant would receive day-for-day good-time credit and would reduce his sentence. The defendant bases his argument on the sentencing court's statements during the sentencing hearing that the court did not think that this was a mandatory 85% case under truth-in-sentencing laws. The defendant contends that the court intended that the defendant would serve no more than four years with good-time credit earned. The defendant contends his appellate counsel was ineffective for failing to notice that the court intended a lesser sentence and failed to raise the issue on appeal.

The Post-Conviction Hearing Act provides a remedy for a defendant whose constitutional rights were substantially violated during his original trial or sentencing hearing. *People v. Williams*, 209 Ill. 2d 227, 232 (2004). Relief from a postconviction petition is not an appeal of the underlying judgment, but it is a collateral proceeding and permits an inquiry only into constitutional issues that were not and could not have been raised on direct appeal. *Williams*, 209 Ill. 2d at 232-33. Accordingly, issues that were raised and adjudicated on direct appeal are barred from consideration by the doctrine of *res judicata* and issues that could have been raised but were not are considered forfeited. *Williams*, 209 Ill.

5

2d at 233. However, the doctrines of *res judicata* and forfeiture will be relaxed under three circumstances: where fundamental fairness so requires, where the forfeiture stems from the ineffective assistance of counsel, or where the facts relating to the issue do not appear on the face of the appellate record. *Williams*, 209 Ill. 2d at 233. At the first stage of the process, the defendant files a postconviction petition and the court must determine whether the petition presents the gist of a constitutional claim. *People v. Porter*, 122 Ill. 2d 64, 74 (1988). If the court does not dismiss the defendant's petition at the first stage, the proceeding advances to the second stage. At the second stage, the court appoints counsel to represent the defendant. 725 ILCS 5/122-4 (West 2006). The appointed counsel may then file an amended postconviction petition. *People v. Gaultney*, 174 Ill. 2d 410 (1996). The State may also file a motion to dismiss the petition or an answer to the petition. 725 ILCS 5/122-5 (West 2006). If the court does not dismiss the petition, the proceeding advances to the third stage, in which the court holds an evidentiary hearing. 725 ILCS 5/122-6 (West 2006). When a postconviction petition proceeds to an evidentiary hearing, the trial court must determine whether the defendant has met his burden of establishing a substantial deprivation of federal or state constitutional rights. *People v. Mahaffey*, 194 Ill. 2d 154, 171 (2000). The dismissal of a postconviction petition following an evidentiary hearing is reviewed for manifest error. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). A decision that is against the manifest weight of the evidence is one where the opposite conclusion is clearly evident, plain, and indisputable. *People v. Childress*, 191 Ill. 2d 168 (2000).

Although a defendant has no constitutional right to the assistance of counsel in postconviction proceedings, he is entitled to a reasonable level of assistance. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Once postconviction counsel is appointed to represent the defendant, counsel is required to comply with Supreme Court Rule 651(c), which is designed to ensure the reasonable assistance required by the Act. *People v. Turner*, 187 Ill.

2d 406 (1999). Rule 651(c) requires that postconviction counsel certify, or the record affirmatively show, that counsel (1) consulted with the petitioner either in person or by mail to ascertain his contentions of the deprivation of constitutional rights, (2) examined the trial record, and (3) amended the postconviction petition if necessary to adequately present the petitioner's claims. *People v. Johnson*, 338 Ill. App. 3d 1004, 1008 (2003). Rule 651(c) is a rule of procedure and not a suggestion; therefore, it is incumbent that counsel follow the rule and that courts require compliance with it. *People v. Treadway*, 245 Ill. App. 3d 1023, 1027 (1993). If counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met. *People v. Carter*, 223 Ill. App. 3d 957, 962 (1992). The Illinois Supreme Court recently stated, "This court has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

In the instant case, counsel failed to file a certificate of compliance with Rule 651(c). Moreover, our examination of the record does not affirmatively reveal that counsel satisfied the rule's requirements. In fact, it is apparent that counsel failed to adequately review the record. Counsel specifically stated: "[W]hen you are appointed counsel here, the only thing you receive, and you receive this if you ask for it, is a copy of the Appellate brief. You don't get the Rule 23 order. So I don't know what actually happened throughout that. And I haven't read it either." There is no evidence in the record that counsel read the direct-appeal brief in this case, and he admits to not reading the opinion in the direct appeal. Had counsel adequately reviewed the record in this case, he would have been aware that the sentencing issue had not been raised on direct appeal. Because postconviction counsel failed to

7

adequately review the record, he failed to amend the postconviction petition to include a claim of ineffective assistance of counsel for failing to raise the sentencing issue on direct appeal, an issue that counsel admitted could have and should have been raised on direct appeal. A simple amendment to the petition would have cured the defect of forfeiture. Rule 651(c) requires postconviction counsel to amend the *pro se* petition to allege the ineffective assistance of appellate counsel to avoid the procedural bar of forfeiture. *People v. Johnson*, 154 Ill. 2d 227 (1993). Accordingly, without a showing that postconviction counsel fulfilled the rule's requirements, we cannot conclude that the defendant was provided with adequate representation. See *People v. Alexander*, 197 Ill. App. 3d 571 (1990). Counsel's failure to comply with the requirements of Rule 651(c) mandates that this matter be remanded to the circuit court.

We hereby reverse the decision entered by the circuit court of Union County dismissing the defendant's petition for postconviction relief, and the cause is remanded for further proceedings.


Order denying motion to vacate affirmed; order dismissing postconviction petition reversed; cause remanded.


STEWART, P.J., and CHAPMAN, J., concur.

CONSOLIDATED APPEAL NO. 5-07-0241

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Union County. |
| | ) | |
| v. | ) | No. 02-CF-38 |
| | ) | |
| CHRISTOPHER J. MYERS, | ) | Honorable |
| | ) | Mark M. Boie, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Rule 23 Order Filed:**    November 13, 2008
**Motion to Publish Granted:**    December 9, 2008
**Opinion Filed**:    December 9, 2008

**Justices**:    Honorable Thomas M. Welch, J.

Honorable Bruce D. Stewart, P.J., and
Honorable Melissa A. Chapman, J.,
Concur

**Attorneys for Appellant**    Gary Peterson, Deputy Defender, Nancy L. Vincent, Assistant Defender, Office of the State Appellate Defender, Fourth Judicial District, 400 West Monroe Street, Suite 303, P.O. Box 5240, Springfield, IL 62705-5240

**Attorneys for Appellee**    David Rands, Special Prosecutor, Office of the State's Attorneys Appellate Prosecutor, 725 South Second Street, Springfield, IL 62704; Hon. Allen James, State's Attorney, Union County Courthouse, Jonesboro, IL 62952; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Kendra S. Peterson, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864