NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170286-U

NO. 4-17-0286

IN THE APPELLATE COURT

FILED
December 18, 2019
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| CLIFFORD A. BAUGH, | ) | No. 11CF53 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter C. Cavanagh, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court reversed and remanded because postconviction counsel failed
                to file a certificate demonstrating compliance with Illinois Supreme Court Rule
                651(c) (eff. Feb. 6, 2013), and the record did not establish the certification error
                was harmless.

¶ 2         On February 20, 2013, defendant, Clifford A. Baugh, filed a *pro se* postconviction

petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West

2012)), alleging he was denied the effective assistance of trial counsel and actions by the State

and trial court violated his constitutional rights.  In May 2013, the trial court appointed

postconviction counsel, and in September 2016, counsel filed an amended postconviction

petition.  At a hearing in March 2017, the trial court denied defendant's petition.

¶ 3        Defendant appeals, arguing the trial court's order should be reversed and the matter remanded for further second-stage proceedings because the record fails to show substantial compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). We reverse and remand with directions.

¶ 4                                    I. BACKGROUND

¶ 5                        A. Complaint, Jury Trial, and Sentencing

¶ 6        In January 2011, the State charged defendant with one count of residential burglary (720 ILCS 5/19-3(a) (West 2010)). In June 2011, a jury found defendant guilty. Because of defendant's criminal history, he was subject to Class X sentencing pursuant to section 5-4.5-95(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(b) (West 2010)). The trial court sentenced defendant to 20 years' imprisonment. Defendant filed a motion to reconsider, which the court denied. Defendant appealed.

¶ 7                                    B. Direct Appeal

¶ 8        On direct appeal, defendant argued (1) the evidence presented at trial was insufficient to prove him guilty of burglary and (2) his sentence was disproportionate and excessive. This court affirmed defendant's conviction and sentence. *People v. Baugh*, 2012 IL App (4th) 110652-U, ¶ 2.

¶ 9                                C. Postconviction Petition

¶ 10        On February 20, 2013, defendant filed a *pro se* postconviction petition pursuant to section 122-1 of the Act (725 ILCS 5/122-1 (West 2012)). Defendant alleged multiple claims of ineffective assistance of trial counsel and a deprivation of his constitutional right to due process.

¶ 11        In May 2013, the trial court appointed postconviction counsel. At a hearing in August 2015, counsel stated he met with defendant and, since that meeting, defendant sent

"various letters and cases" to counsel. Counsel stated he planned to file an amended postconviction petition that same month. In July 2016, counsel requested six additional weeks to file an amended petition, stating:

> "At this point, I'm still working through [defendant's]
> petition. I spent a significant time on it yesterday ***. I have been
> provided numerous cases from my client. At this time, I don't
> have a petition on file but I'm working through things. My client
> is a diligent researcher and has been providing me with cases
> throughout my representation."

¶ 12        At a hearing in August 2016, counsel stated he had "made some headway" regarding defendant's amended postconviction petition. In September 2016, counsel filed an amended postconviction petition alleging (1) a substantial deprivation of defendant's constitutional rights and (2) "the jury was confused by the Court's instructions regarding Residential Burglary and that the Court failed to properly respond to their question." In November 2016, the State filed a memorandum in support of a motion to dismiss defendant's *pro se* postconviction petition and amended postconviction petition.

¶ 13        In March 2017, the trial court held a hearing on defendant's amended postconviction petition. Responding to the State's memorandum, defense counsel stated:

> "Your Honor, there [are] other issues that the State has
> addressed in their response, maybe two or three other issues.
>
> Those were issues that [defendant] had filed in his original
> post-conviction or his personal Amended Post-Conviction Petition.
> Those are not things, that—after speaking with [defendant],

[defendant] and I agreed we would address only this particular

issue as it is the best issue that we had."

Following arguments, the court granted the State's motion to dismiss, stating:

"I feel like I got it right then and taking the case law up

again and reviewing what I've reviewed, I still feel that answering

that question in any other way than the Court did could create

confusion, lead jurors to speculate as to the law and the facts and

how they interpret the Court's language in answering the note.

　　　***

So [defendant's] motion is denied."

¶ 14　　　This appeal followed.

¶ 15　　　　　　　　　　II. ANALYSIS

¶ 16　　　On appeal, defendant argues we must remand for further second-stage

proceedings because postconviction counsel did not comply with the mandates of Rule 651(c).

Defendant argues postconviction counsel did not file the required certificate and did not

otherwise demonstrate compliance with Rule 651(c).  The State concedes the matter must be

remanded on the basis postconviction counsel failed to file a Rule 651(c) certificate and the

record does not otherwise affirmatively show compliance with Rule 651(c).  We accept the

State's concession.

¶ 17　　　The Act provides criminal defendants a manner by which they can assert their

convictions resulted from a substantial denial of their rights under the United States Constitution,

the Illinois Constitution, or both.  *People v. Guerrero*, 2012 IL 112020, ¶ 14, 963 N.E.2d 909.

While there is no constitutional right to the assistance of counsel in postconviction proceedings

(*People v. Johnson*, 154 Ill. 2d 227, 237, 609 N.E.2d 304, 309 (1993)), the Act gives petitioners the right to reasonable representation (*People v. Guest*, 166 Ill. 2d 381, 412, 655 N.E.2d 873, 887 (1995); *People v. Patterson*, 2012 IL App (4th) 090656, ¶ 23, 971 N.E.2d 1204).

¶ 18   Rule 651(c) states, in pertinent part:

"The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 19   Postconviction counsel is required to file a certificate indicating he or she complied with Rule 651(c). *People v. Cotto*, 2016 IL 119006, ¶ 27, 51 N.E.3d 802. " 'The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule.' " *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39, 85 N.E.3d 568 (quoting *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25, 67 N.E.3d 976). When counsel fails to file a Rule 651(c) certificate, a court may deem the error harmless if the record includes a clear and affirmative showing that counsel satisfied the rule's requirements. *People v. Lander*, 215 Ill. 2d 577, 584, 831 N.E.2d 596, 600 (2005); *People v. Smith*, 2016 IL App (4th) 140085, ¶ 33, 50 N.E.3d 353. While Rule 651(c) does not require postconviction counsel to amend defendant's petition in pursuit of frivolous issues (*People v. Greer*, 212 Ill. 2d 192, 205,

- 5 -

817 N.E.2d 511, 519-20 (2004)), counsel must examine as much of the trial record as is necessary to adequately present defendant's claims (*People v. Burns*, 2019 IL App (4th) 170018, ¶ 20, 126 N.E.3d 795).

¶ 20　　　　In the present case, counsel failed to file a Rule 651(c) certificate. Thus, there is no presumption of compliance with the rule. Absent a certificate, the record must show clear and affirmative compliance with Rule 651(c). The record shows counsel met with defendant, reviewed defendant's *pro se* postconviction petition, and reviewed the letters and cases defendant sent to postconviction counsel. However, the record fails to demonstrate counsel "examined the record of the proceedings at the trial" as mandated by Rule 651(c). "[W]ithout a showing that postconviction counsel fulfilled the rule's requirements, we cannot conclude that the defendant was provided with adequate representation." *People v. Myers*, 386 Ill. App. 3d 860, 866, 899 N.E.2d 560, 566 (2008). Counsel's failure to comply with the requirements of Rule 651(c) mandates this matter be remanded to the trial court and "[w]e also direct the trial court to provide defendant new postconviction counsel who shall have leave to amend and to add supporting documentation, as counsel deems necessary, in support of defendant's claims." *Burns*, 2019 IL App (4th) 170018, ¶ 3.

¶ 21　　　　　　　　　　III. CONCLUSION

¶ 22　　　　We reverse the trial court's judgment, remand the case for further second-stage postconviction proceedings, and direct the trial court to appoint new postconviction counsel for defendant who shall have leave to amend and add supporting documentation as counsel deems necessary, in support of defendant's claims. We note postconviction counsel was appointed in May 2013, yet no amended postconviction petition was filed until September 2016. The petition

was denied in March 2017. We are remanding and trust postconviction counsel will address this case with more urgency than in the past.

¶ 23        Reversed; cause remanded with directions.