**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210105-U

Order filed June 28, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0105 Circuit No. 14-CF-334 |
| | ) | |
| STEVEN J. VARNAUSKAS, | ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Albrecht and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Postconviction counsel failed to file the certificate required by Illinois Supreme Court Rule 651(c), and the record does not establish counsel's compliance with the rule.

¶ 2    Defendant, Steven J. Varnauskas, appeals the Henry County circuit court's denial of his postconviction petition. Defendant argues postconviction counsel failed to file the certificate required by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), and the record does not establish that counsel otherwise satisfied the requirements of the rule. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4          A jury found defendant guilty of two counts of controlled substance trafficking (720 ILCS

570/401.1(a) (West 2014)). The evidence adduced at trial established that defendant was stopped

for an obstructed license plate. Defendant drove a car that was rented from Los Angeles and was

stopped in Illinois. Receipts located inside the car showed that many stops had been made from

California to Illinois and purchases were made in cash. Pursuant to a positive canine alert for the

presence of drugs, police searched defendant's car on the side of the road for approximately 20

minutes before moving the car to the police department to continue the search. The initial search

on the side of the road was fruitless. Following the move, officers located drugs under the hood in

the engine compartment. We affirmed on direct appeal. *People v. Varnauskas*, 2018 IL App (3d)

150654, ¶ 38. Specifically, we found that trial counsel was not ineffective for failing to file a

motion to suppress arguing that the probable cause developed during defendant's traffic stop

dissipated after the vehicle was relocated. *Id.* ¶¶ 35-36.

¶ 5          On April 17, 2020, defendant filed a *pro se* postconviction petition. Defendant's petition

alleged, *inter alia*, various claims of ineffective assistance of trial and appellate counsel,

prosecutorial misconduct, circuit court error, and actual innocence. Defendant attached an affidavit

averring that when he told trial and appellate counsel that he was "actually innocent" he was told

that "it was not important" and "there was no need to prove anything." Further, defendant asserted

that he informed trial and appellate counsel that he had alibi witnesses, and those witnesses would

have changed the outcome of his trial. The affidavit was signed by defendant and notarized. The

court advanced defendant's petition to the second stage and appointed counsel.

¶ 6          On June 11, 2020, counsel filed a motion for discovery. In the motion, counsel stated that

obtaining the materials he sought would enable him to "discharge his duties under Supreme Court

Rule 651(c)." On September 24, 2020, counsel filed an amended postconviction petition solely advancing defendant's claim of ineffective assistance of trial and appellate counsel for failing to file a motion to suppress arguing the dissipation of probable cause during defendant's traffic stop. Counsel also stated that defendant sought "incorporation of the Affidavits attached to his *pro se* Petition." Counsel filed a second amended postconviction petition elaborating on the ineffective assistance of trial and appellate counsel claim raised in the prior amended petition. At the hearing, counsel referenced our decision in *Varnauskas*, 2018 IL App (3d) 150654, ¶ 38, and argued that it was "defendant's position that that's not the law." Additionally, counsel indicated that he was prepared to present defendant's testimony if the court advanced the petition to an evidentiary hearing. The court granted the State's motion to dismiss, finding that defendant's claim, the only one advanced by counsel, was barred by *res judicata*.

¶ 7                                                      II. ANALYSIS

¶ 8          On appeal, defendant argues that postconviction counsel provided unreasonable assistance by failing to comply with and file the certificate required by Rule 651(c), where the record does not explicitly show that counsel (a) consulted with defendant to ascertain his constitutional violations, (b) reviewed the entirety of the record, and (c) shaped defendant's claims into proper legal form. Defendant also argues that counsel failed to develop a claim worthy of pursuit. The State concedes that counsel failed to file a Rule 651(c) certificate and "never explicitly stated on the record that he spoke to defendant" but argues the record is otherwise sufficient to show that counsel fulfilled the duties required by the rule.

¶ 9          The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) "provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their rights under the United States or the Illinois Constitution or both."

3

*People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. A defendant is only entitled to reasonable assistance from postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure that defendant receives reasonable assistance, Rule 651(c) requires that counsel comply with and file a certificate that he or she has

> "consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 10    Postconviction counsel's failure to file an affidavit certifying compliance with Rule 651(c) does not warrant an automatic reversal. *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). "If counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met." *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008). When an explicit showing exists, the error caused by counsel's failure to file a Rule 651(c) certificate is harmless. *People v. Suarez*, 224 Ill. 2d 37, 45-46 (2007). Where the record does not sufficiently demonstrate counsel's compliance with the rule, we must remand the matter to the circuit court for compliance. *Id.* at 47.

¶ 11    Here, the record does not include a Rule 651(c) certificate and fails to explicitly show that postconviction counsel consulted with defendant by phone, mail, electronic means, or in person to ascertain his or her contentions of deprivation of constitutional rights. See *Myers*, 386 Ill. App. 3d

4

at 865. Therefore, remand is required for compliance with Rule 651(c) and *de novo* second-stage proceedings.

¶ 12       We are unpersuaded by the State's argument that we can "presume[ ]," "infer," and rely on "suggest[ions]" in the record to find that counsel was "aware" of, and "fulfilled" his duties under Rule 651(c), and consulted with defendant to ascertain his constitutional claims. Presumptions and inferences are insufficient to establish an explicit showing that counsel communicated with defendant *specifically* to ascertain his contention of deprivation of his constitutional rights required under the rule. See *Myers*, 386 Ill. App. 3d at 865; see also Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Therefore, we reverse the circuit court's denial of the postconviction petition and remand for *de novo* second-stage proceedings. Because we reverse for second-stage proceedings, we need not consider defendant's remaining contentions.

¶ 13                                  III. CONCLUSION

¶ 14       The judgment of the circuit court of Henry County is reversed and remanded.

¶ 15       Reversed and remanded.