NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240136-U

NO. 4-24-0136

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 21, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| GUILLERMO GUTIERREZ, | ) | No. 16CF167 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court reversed and remanded where postconviction counsel failed to file a certificate demonstrating compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and the record does not otherwise demonstrate compliance with the rule.

¶ 2   Defendant, Guillermo Gutierrez, appeals from the dismissal of his postconviction petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) at the second stage of proceedings. He argues postconviction counsel provided unreasonable assistance by failing to attach evidentiary support to the amended postconviction petition. For the reasons that follow, we reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4                                  A. Prior Proceedings

¶ 5        In October 2016, the State charged defendant by information with one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(b)(1) (West 2016)). In March 2018, defendant entered a fully negotiated guilty plea, where he agreed to plead guilty to predatory criminal sexual assault of a child in exchange for a sentence of 10 years in prison. The trial court accepted defendant's guilty plea and sentenced him consistent with the terms of the plea agreement. Defendant did not file a postplea motion or a direct appeal.

¶ 6                            B. Postconviction Proceedings

¶ 7        In March 2021, defendant filed a *pro se* postconviction petition pursuant to the Act. Among other claims, defendant alleged plea counsel provided ineffective assistance by withholding reports from him which contained inconsistent statements made by the victim. Attached to the petition was a document titled "Affidavit," which was signed by defendant but was not notarized. In April 2021, the trial court moved the petition to the second stage of postconviction proceedings and appointed counsel for defendant.

¶ 8        At a June 2023 status hearing, postconviction counsel informed the trial court she had spoken with defendant and found "he may have at least one legitimate claim on a post-conviction." She asked for 30 days to file the motion, which the court granted.

¶ 9        On September 22, 2023, the trial court held another status hearing, where postconviction counsel informed the court that "[defendant] and I have discussed [the amended petition] in depth and what the allegations and what we're going to proceed with." On September 26, 2023, counsel filed an amended postconviction petition solely advancing defendant's claim of ineffective assistance of plea counsel for withholding reports containing inconsistent statements by the victim. Counsel attached defendant's *pro se* petition to the amended petition, but she did not file a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 10    In October 2023, the State filed a motion to dismiss defendant's amended postconviction petition. In a January 2024 written order, the trial court granted the State's motion to dismiss. The court noted the amended petition contained only conclusory allegations and failed to include the victim's inconsistent statements at issue.

¶ 11    This appeal followed.

¶ 12                            II. ANALYSIS

¶ 13    Defendant argues postconviction counsel rendered unreasonable assistance by failing to make the necessary amendments to the amended petition, as required by Rule 651(c). Specifically, he contends counsel should have attached to the amended petition copies of the reports he claims his plea counsel never disclosed to him or offered an explanation for their absence. The State concedes that counsel failed to file a Rule 651(c) certificate but argues the record otherwise demonstrates that counsel substantially complied with the rule.

¶ 14    Under Rule 651(c), postconviction counsel is required to file a certificate indicating he or she has (1) consulted with the defendant to ascertain his or her contentions of deprivation of constitutional rights, (2) examined the record of the trial court proceedings, and (3) made any amendments to the defendant's *pro se* petition necessary to adequately present the defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). " 'The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule.' " *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39 (quoting *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25). Where counsel fails to file a Rule 651(c) certificate, the court may deem the error harmless only if the record provides a clear and affirmative showing that counsel satisfied the requirements of Rule 651(c). *People v. Smith*, 2016 IL App (4th) 140085, ¶ 33. Whether

- 3 -

postconviction counsel complied with Rule 651(c) is a question we review *de novo*. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 15    Here, postconviction counsel failed to file a Rule 651(c) certificate. Thus, we do not presume that counsel complied with the rule. The record shows counsel met with defendant, reviewed his *pro se* petition, and filed an amended petition on his behalf. However, the record fails to clearly and affirmatively demonstrate whether counsel examined the record of proceedings. Further, although counsel filed an amended petition, the only evidentiary support she attached was defendant's *pro se* petition containing his unnotarized affidavit. See *People v. Turner*, 2012 IL App (2d) 100819, ¶¶ 23-25 (discussing the requirements for attaching an affidavit to a postconviction petition pursuant to the Act). Accordingly, we find counsel failed to comply with the second and third requirements of Rule 651(c). "[W]ithout a showing that postconviction counsel fulfilled the rule's requirements, we cannot conclude that the defendant was provided with adequate representation." *People v. Myers*, 386 Ill. App. 3d 860, 866 (2008).

¶ 16    Postconviction counsel's failure to comply with the requirements of Rule 651(c) requires us to remand this matter to the trial court for further second-stage proceedings. On remand, "[w]e also direct the trial court to provide defendant new postconviction counsel who shall have leave to amend and to add supporting documentation, as counsel deems necessary, in support of defendant's claims." *People v. Burns*, 2019 IL App (4th) 170018, ¶ 3.

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with this decision.

¶ 19    Reversed and remanded with directions.