**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250161-U

Order filed May 7, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0161 Circuit No. 15-CF-2148 |
| THOMAS HOLLOWAY, | ) ) ) | Honorable Ann Celine O'Hallaren-Walsh, |
| Defendant-Appellant | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Hettel and Justice Bertani concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Postconviction counsel failed to file the certificate required by Illinois Supreme Court Rule 651(c), and the record does not establish counsel's compliance with the rule. Vacated and remanded.

¶ 2    Defendant, Thomas Holloway, appeals the trial court's dismissal of his postconviction petition. Defendant argues (1) the record does not establish postconviction counsel's compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and (2) the court erred by dismissing his petition as untimely. We vacate and remand.

¶ 3                                    I. BACKGROUND

¶ 4        Following a jury trial, defendant was convicted of violating bail bond (720 ILCS 5/32-10(a) (West 2014)). On July 14, 2017, the court sentenced defendant to nine years' imprisonment. On December 6, 2019, the Second District affirmed defendant's conviction and sentence on direct appeal. *People v. Holloway*, 2019 IL App (2d) 170551, ¶ 61. On April 7, 2023, more than six months after defendant's conviction and sentence were affirmed on appeal, defendant filed a *pro se* postconviction petition, raising claims related to ineffective assistance of plea counsel for failing to (1) object to the court's consideration of an unconstitutional and void conviction in aggravation at sentencing and (2) properly relay the State's plea offer resulting in defendant's rejection of the offer. Defendant did not address the untimeliness of his petition, and his affidavit contained no factual support for his claims. Defendant remained in prison for all proceedings and appeared remotely via Zoom.

¶ 5        On June 14, 2023, the court appointed counsel and advanced defendant's *pro se* petition to the second stage. Upon counsel's request, the court permitted counsel to speak with defendant outside of the court's presence. On August 23, 2023, counsel filed a subpoena requesting all information related to defendant's ability to access the prison law library, lockdown status in the prison, and any other reason for restricted movement in the prison that would have affected defendant's ability to file a timely petition. On December 11, 2023, counsel indicated he needed more time to complete the amended petition and to discuss recent correspondence he received from defendant. On March 15, 2024, counsel stated he had received correspondence from defendant and asked for more time to "hold another conversation" with defendant before filing the amended petition. On June 3, 2024, counsel informed the court that the clerk allowed him to speak with defendant in a Zoom break-out room before the case was called. Counsel stated he was able to

2

review defendant's affidavit via Zoom and requested that the court allow him to speak with defendant again regarding the court's ruling in a companion case. The court granted counsel's request.

¶ 6   On July 9, 2024, counsel filed an amended postconviction petition claiming the untimely filing was not due to defendant's culpable negligence. Additionally, the amended petition asserted (1) ineffective assistance of plea counsel for failing to object to the court's consideration of an unconstitutional and void conviction in aggravation at sentencing, (2) ineffective assistance for failing to properly relay the State's plea offer resulting in defendant's rejection of the offer, and (3) the court's insufficient *Krankel* inquiry into defendant's ineffective assistance claims related to the State's plea offer. Regarding the delay in filing the petition, defendant argued he was not culpably negligent because he had limited access to the prison law library to research and prepare his petition. In support, counsel attached records showing various prison lockdowns from December 2019 to April 2023, quarantine dates limiting inmate movement in the prison, and a list of times defendant utilized the law library or received "legal services" by mail. Defendant's affidavit highlighted his limited access to the law library, his limited contact with plea counsel, and the conversation with plea counsel that prevented him from accepting the plea offer in a timely manner. Defendant further alleged that "[d]uring many of the times listed as library times on the prison records [he] was not given access to the library but instead was able to request copies of known cases." The petition did not include information addressing the time between July 2017, when defendant's judgment was entered, and December 2019, when the judgment was affirmed on appeal. Counsel failed to file a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 7    The State moved to dismiss the amended petition. It argued (1) the original petition was untimely and the supporting documentation failed to show the delay was not due to defendant's culpable negligence and (2) the remaining claims failed to establish a substantial constitutional violation. Defendant responded, and the parties rested on their written arguments. After taking the matter under advisement, the court granted the motion to dismiss.

¶ 8    This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant argues (1) the record does not establish postconviction counsel's compliance with Rule 651(c) and (2) the trial court improperly dismissed his petition as untimely.

¶ 11    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) "provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their rights under the United States or the Illinois Constitution or both." *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. A defendant is only entitled to reasonable assistance from postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure defendant receives reasonable assistance, Rule 651(c) requires counsel to comply with and file a certificate stating that he or she has

> "consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 12    Postconviction counsel's failure to file a certificate indicating compliance with Rule 651(c) does not warrant automatic reversal. *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). Instead, "[i]f

4

counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met." *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008). When an explicit showing exists, the error caused by counsel's failure to file a Rule 651(c) certificate is harmless. *People v. Suarez*, 224 Ill. 2d 37, 45-46 (2007). Where the record does not sufficiently demonstrate counsel's compliance with the rule, we must remand the matter to the trial court for compliance. *Id.* at 47.

¶ 13    Here, the record does not include a Rule 651(c) certificate. It also fails to explicitly show that Rule 651(c)'s requirements were met. See *Myers*, 386 Ill. App. 3d at 865. Specifically, the record does not reflect that counsel informed the court that he reviewed the prior proceedings, spoke with defendant about his constitutional claims, or made the appropriate amendments to defendant's petition. Notably, the record shows that on June 3, 2024, counsel's communication with defendant via the court's Zoom was limited to discussing defendant's affidavit in this case and the court's ruling in an unrelated companion case. And while the inclusion of the *Krankel* claim suggests counsel likely reviewed the plea proceedings, mere inferences are insufficient to establish an explicit showing that counsel communicated with defendant specifically to ascertain his contentions of deprivation of constitutional rights. See *id.*; see also Ill. S. Ct. R. 651(c) (eff. July 1, 2017). At best, the record shows counsel's efforts were focused on gathering information regarding the timeliness of the original petition and defendant's lack of culpable negligence. Though important, these issues are distinct from the underlying contentions of deprivation of constitutional rights. Additionally, even assuming counsel explicitly reviewed the plea proceedings, those proceedings constituted but a portion of the record counsel was required to

5

review. Thus, absent an explicit showing that counsel met the requirements of Rule 651(c), we do not find his failure to file a certificate of compliance harmless.

¶ 14       In coming to this conclusion, we reject the State's reliance on counsel's filing of the amended petition and on a few statements indicating counsel spoke to defendant. The statements in the record lacked sufficient specificity to infer, let alone ascertain, the topics counsel and defendant discussed. See *Myers*, 386 Ill. App. 3d at 865; see also Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Moreover, the State failed to point to any express indication that counsel had reviewed the entirety of defendant's prior proceedings.

¶ 15       In summary, we find the record fails to show compliance with Rule 651(c). *Supra* ¶ 13. "Compliance with Rule 651(c) is mandatory." *Perkins*, 229 Ill. 2d at 50. Because we must remand for compliance with the rule and for new second-stage proceedings (*Suarez*, 224 Ill. 2d at 47), we need not consider defendant's remaining contentions.

¶ 16                III. CONCLUSION

¶ 17       For the reasons stated, we vacate the Du Puge County circuit court's dismissal of the postconviction petition and remand for new second-stage proceedings.

¶ 18       Vacated and remanded.