NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250890-U

NO. 4-25-0890

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 18, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| BRET M. DAVIS, | ) | No. 16CF163 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court reversed the trial court's dismissal of defendant's postconviction petition and remanded the matter for substantial compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 2     Defendant, Bret M. Davis, appeals the dismissal of his second amended petition for postconviction relief. On appeal, defendant argues postconviction counsel failed to substantially comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). We reverse and remand for further postconviction proceedings.

¶ 3                                I. BACKGROUND

¶ 4     In October 2016, the State charged defendant with attempted murder (720 ILCS 5/8-4(a), 9-1 (West 2016)) (count I), aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2016)) (count II), aggravated battery (720 ILCS 5/12-3.05(f)(1) (West 2016)) (counts III and IV), domestic battery (subsequent offense felony) (720 ILCS 5/12-3.2(a)(1) (West 2016)) (counts V

and VI), and aggravated assault (720 ILCS 5/12-2(c)(7) (West 2016)) (count VII). The charges stemmed from a September 26, 2016, physical altercation between defendant and his then-wife, Kristen. In February 2017, the State also charged defendant with domestic battery (subsequent offense felony) (720 ILCS 5/12-3.2(a)(1) (West 2016)) (count VIII) and aggravated battery (720 ILCS 5/12-3.05(f)(1) (West 2016)) (count IX).

¶ 5    Defendant was found guilty on all counts and ultimately sentenced to 19 years' imprisonment for count I, 2 years' imprisonment for count VII, 2 years' imprisonment for count VIII, and 3 years' imprisonment for count IX, all to run concurrently. This court affirmed defendant's conviction and sentence on direct appeal. *People v. Davis*, 2020 IL App (4th) 180337-U, ¶ 4.

¶ 6    In April 2022, defendant filed a 105-page *pro se* petition for postconviction relief, raising several issues. Specifically, defendant alleged the following: (1) that "new evidence" from police reports revealed him to be the "actual victim," and that there were "credibility issues with several of the State's witnesses"; (2) the trial court improperly allowed the State to amend count I to remove the words "in the neck," which allowed the jury to consider the question of brutal or heinous behavior on all counts; (3) the jury's consideration of brutal and heinous behavior impermissibly created a double enhancement to several counts; (4) the State unnecessarily called defendant's son as a witness to introduce passion and prejudice at trial; (5) the prosecutor improperly commented on defendant's right to silence; (6) the State prejudiced defendant by using the words "blood," "stab," "mad," and "victim" too many times at trial; and (7) the pretrial bond and 19-year sentence for count I were excessive.

¶ 7    In August 2022, the trial court advanced defendant's *pro se* petition to the second stage of postconviction proceedings because no action had been taken within 90 days of the

petition's filing. Defendant then, through counsel, filed a second amended postconviction petition. The petition briefly recited the procedural history of defendant's case and set forth four claims. First, the petition alleged the State's reference to Kristen as "the victim" 28 times unfairly prejudiced the jury against defendant. The petition next alleged that trial counsel performed deficiently by failing to object to the State's comments during closing arguments "that the jury could consider everything when deliberating on the charge of attempt murder." The petition also asserted defendant's battery-related convictions should be vacated under the one-act, one-crime doctrine because if "all of defendant's actions could be considered under the charge of attempt murder[,] then the actions could not be used to support separate charges of aggravated battery." Finally, the petition alleged appellate counsel was ineffective for "failing to raise every possible issue on appeal." Postconviction counsel did not file a certificate asserting compliance with Rule 651(c).

¶ 8        The State, in response, filed a motion to dismiss defendant's second amended postconviction petition, arguing defendant forfeited the specific claims in his petition because they could have been raised on direct appeal, but he failed to do so. The State's motion also asserted defendant pleaded nothing sufficiently specific about appellate counsel's alleged deficient performance and nothing "that would demonstrate that had appellate counsel added any further claims to the appeal, that it would have resulted in a different outcome on appeal."

¶ 9        The trial court held a hearing on the State's motion to dismiss the second amended petition in July 2025. Following the arguments of the parties, the court took the matter under advisement. Later that same month, the court granted the State's motion.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

- 3 -

¶ 12		On appeal, defendant argues he was denied the reasonable assistance of postconviction counsel where counsel failed to put his *pro se* claims into proper legal form in the second amended petition.

¶ 13		The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2022)) provides a three-stage procedure through which criminal defendants may challenge their convictions based on a substantial deprivation of their federal or state constitutional rights. If the petition is not summarily dismissed at the first stage, the trial court must docket it for further consideration at the second stage. *People v. Addison*, 2023 IL 127119, ¶ 18. At the second stage, the court may appoint counsel to assist an indigent defendant. 725 ILCS 5/122-4 (West 2022).

¶ 14		There is no constitutional right to the assistance of counsel in postconviction proceedings. *People v. Agee*, 2023 IL 128413, ¶ 37. A petitioner is entitled to only a reasonable level of assistance as granted by the Act. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). To ensure a reasonable level of assistance, Rule 651(c) requires postconviction counsel to file a certificate stating he has (1) consulted with the petitioner by phone, mail, electronic means, or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) examined the record of proceedings, and (3) made any amendments necessary to the *pro se* petition to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 15		"Compliance with Rule 651(c) is mandatory." *People v. Perkins*, 229 Ill. 2d 34, 50 (2007). However, postconviction counsel's failure to file a certificate indicating compliance with Rule 651(c) does not warrant automatic reversal. *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). Instead, "[i]f counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met." *People v.*

*Myers*, 386 Ill. App. 3d 860, 865 (2008). When an explicit showing exists, the error caused by counsel's failure to file a Rule 651(c) certificate is harmless. *People v. Suarez*, 224 Ill. 2d 37, 45-46 (2007). However, if compliance with Rule 651(c) is not apparent through the record, remand is required for the purpose of demonstrating compliance with the rule. *Suarez*, 224 Ill. 2d at 47, 52. We review *de novo* whether postconviction counsel complied with Rule 651(c). *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 16        Here, the record does not include a Rule 651(c) certificate. It also fails to explicitly show that Rule 651(c)'s requirements were met. See *Myers*, 386 Ill. App. 3d at 865. In particular, the record does not reflect counsel made the amendments necessary to adequately present defendant's contentions. Our review of the second amended petition shows that it contains some procedural history and argument, but it contains no appropriate citation to the record and scarce reference to any relevant authority. In fact, the arguments counsel set forth essentially amounted to nothing more than conclusory statements—that (1) the State's excessive reference to Kristen as the "victim" unfairly prejudiced the jury against defendant; (2) but for trial counsel's failure to object to the State's comments during closing arguments, the jury would not have considered all of defendant's actions when deliberating on the charge of attempted murder; and (3) if "all of defendant's actions could be considered under the charge of attempt murder[,] then the actions could not be used to support separate charges of aggravated battery."

¶ 17        Counsel's final argument addressing appellate counsel's ineffectiveness is similarly deficient. In the second amended petition, postconviction counsel concludes that appellate counsel's failure "to raise all issues on appeal" caused defendant's claims not to be argued on direct appeal. However, appellate counsel "is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his

or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *People v. Simms*, 192 Ill. 2d 348, 362 (2000). Moreover, a defendant must show that counsel's performance was deficient *and* prejudicial to establish a claim of ineffective assistance. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 81. "Satisfying the prejudice prong necessitates a showing of actual prejudice." *People v. Patterson*, 2014 IL 115102, ¶ 81. Here, postconviction counsel failed to allege what actual prejudice defendant suffered as a result of appellate counsel's errors. See *People v. Turner*, 187 Ill. 2d 406, 413 (1999) (finding that postconviction counsel violated Rule 651(c) where he "failed to amend the petition to include" allegations that were "essential elements of [the] petitioner's legal claims"). Postconviction counsel therefore did not amend the petition as "necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 18        As a whole, postconviction counsel fell short of meeting the requirements of Rule 651(c), and his performance was unreasonable. His representation of defendant amounted to almost no representation at all. "To tolerate such inadequate representation would render the appointment of counsel in post-conviction proceedings nothing but 'an empty formality.' " *Turner*, 187 Ill. 2d at 417. Thus, postconviction counsel's failure to comply with the requirements of Rule 651(c) mandates this matter be remanded to the trial court for further second-stage proceedings. "We also direct the trial court to provide defendant new postconviction counsel who shall have leave to amend and to add supporting documentation, as counsel deems necessary, in support of defendant's claims." *People v. Burns*, 2019 IL App (4th) 170018, ¶ 3. Because we are remanding for compliance with Rule 651(c), we express no opinion as to the merits of defendant's postconviction claims. See *Addison*, 2023 IL 127119, ¶ 33.

¶ 19                              III. CONCLUSION

¶ 20 For the reasons stated, we reverse the trial court's judgment and remand the cause for further second-stage proceedings.

¶ 21 Reversed and remanded with directions.